397 So.2d 47 (1981)
Annie R. FREE, as Provisional Curatrix of Jessie E. Free, Plaintiff-Appellant,
v.
FRANKLIN GUEST HOME, INC., et al., Defendants-Appellees.
No. 14492.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1981.
Rehearing Denied May 1, 1981.
Writ Denied June 12, 1981.
Bruscato & Loomis by Philip T. Deal, Monroe, for plaintiff-appellant.
*48 Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Monroe, for defendants-appelleesFranklin Guest Home, Inc. and Houston General Insurance Co.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied May 1, 1981.
HALL, Judge.
Mrs. Free, as provisional curatrix of her husband, filed suit on August 18, 1978 against Franklin Guest Home, Inc. and its liability insurer, Houston General Insurance Company, seeking damages arising out of several incidents which were alleged to have occurred between June, 1974 and February, 1978 while Mr. Free was a resident of the defendant nursing home. The specific incidents alleged in the petition were: (1) In 1975 Mr. Free had two severe cases of pneumonia brought about by neglect of the nursing home, requiring several weeks of hospitalization on each occasion; (2) in 1976 Mr. Free was severely burned while being given a bath by a male orderly; (3) in 1976 Mr. Free was attacked by a fellow patient and struck over his left eye and on the back of his head, all as the result of lack of supervision and care on the part of the defendant nursing home; (4) at an unspecified time Mr. Free was sexually attacked by another male patient, due to improper supervision and attendance by the personnel and supervisors of the defendant nursing home; and (5) in October 1977 Mr. Free sustained a compound fracture of the left hip and a simple fracture of the right hip, which injuries were not discovered until he was hospitalized for other reasons. The plaintiff alleged that "the abuse, indecent treatment, lack of care and supervision, and, at times, total neglect, and episodes of totally inhuman injustices, which occurred to Mr. Free while a resident of Franklin Guest Home, resulted solely from the neglect and negligence of the defendant nursing home which allowed injuries and inhuman treatment to be visited upon this sick, aged, and hopelessly weak individual." Plaintiff sought damages for past and future pain and suffering, past and future mental anguish and distress, permanent injuries, refund of payment made to the defendant for care and attendance and past and future medical expenses.
Defendants filed an exception of prescription of one year under LSA-C.C. Art. 3536 as to the first four incidents mentioned above which occurred more than one year prior to the time suit was filed.
Plaintiff then amended and supplemented her petition alleging the existence of a written contract with the defendant and specifically pleading that defendant breached its express contractual obligations in the respects previously alleged and that the damages previously alleged were caused by defendant's breach of its contractual obligations.
After trial of the exception the district court held that plaintiff's claim is one in tort and not in contract. The court held that the plaintiff's claim was based on the general duty of a nursing home to its patient to furnish reasonable care and that an action ex delicto arises from the breach of a general duty while an action in contract springs from special duties. Accordingly, the court held the one-year prescriptive period applicable. Judgment was rendered sustaining the exception of prescription as to the claims for damages resulting from the two cases of pneumonia in 1975, the burns sustained in 1976, and the physical assault in 1976. The exception was overruled as to the claims for damages resulting from the sexual assault (of which plaintiff had no knowledge until within one year prior to filing suit) and the broken hips. Plaintiff appealed.
On appeal plaintiff concedes that her claims in tort under LSA-C.C. Art. 2315 arising out of the incidents which occurred in 1975 and 1976 have prescribed. Plaintiff urges, however, that these incidents also amounted to a breach or breaches of defendant's express contractual obligations, giving rise to an action in contract as well as an action in tort, and that the action for breach of contract, being governed by the 10-year prescription of LSA-C.C. Art. 3544, has not prescribed.
*49 At the trial of the exception, plaintiff offered into evidence two documents which the parties stipulated were signed and issued at the time Mr. Free was admitted to the nursing home. One is entitled "Admission Agreement" and the other is entitled "Patient's Rights". The admission agreement provides that the defendant nursing home and Mr. Free "hereby agree to the following financial terms and arrangements providing for the medical, nursing, and personal care of Jesse E. Free on admission." The patient agreed to pay $378 monthly. Among other provisions the nursing home agreed: "1. To furnish room, board, linens and bedding, nursing care, and such personal services as may be required for the health, safety, good grooming and well-being of the patient." The agreement also contains the following provision: "1. The management of this home has agreed to exercise such reasonable care toward this person as his or her known condition may require, however this home is in no sense an insurer of his or her safety or welfare and assumes no liability as such."
The document entitled "Patient's Rights" provides in pertinent part:
"These patient's rights ensure that, at least, each patient admitted to this facility;... 7. Is free from mental and physical abuse, ... 9. Is treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care for his personal needs; ...."
It is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. Federal Insurance Co. v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). A plaintiff may assert both actions and is not required to plead the theory of his case. Phillipe v. Browning Arms Co., 378 So.2d 1383 (La.1981).
In this case there was clearly a contractual relationship between the nursing home and Mr. Free or his wife as his provisional curatrix and the contract was reduced to writing. The contract expressly provides that the nursing home will provide nursing care and such personal services as may be required for the health, safety, good grooming and well being of the patient. The nursing home agreed to exercise such reasonable care toward the person as his or her known condition might require. It further agreed that the patient was to be free from mental and physical abuse and was to be treated with consideration, respect, and full recognition of his dignity and individuality. It may well be, as argued by defendant, that the provisions of the contract add nothing to the general duty which is owed by a nursing home to a patient in the absence of an express contract. Nevertheless, the nursing home entered into express contractual obligations, is bound in contract for performance of these obligations, and is liable in contract for damages arising out of a breach of the contractual obligations. This is true even though the breach might also give rise to liability in tort.
The allegations of plaintiff's petition with respect to the several incidents of neglect, lack of supervision, abuse, and the like, especially when viewed cumulatively, if established to be true at a trial on the merits, amount to breaches of the defendant's express contractual obligations as set forth above. For such breaches plaintiff is entitled to bring an action in contract to recover such damages as are established to have resulted from the breach of contract and as are allowable by law for breach of contract. LSA-C.C. Art. 1934. Plaintiff's action in contract is governed by the 10-year prescription of LSA-C.C. Art. 3544 and was timely asserted within the 10-year period. The judgment of the district court is correct insofar as it sustains the exception of prescription as to plaintiff's ex delicto action or actions arising out of the incidents which occurred more than one year prior to the filing of suit but is incorrect insofar as it bars plaintiff's actions for breach of contract arising out of the same incidents.
Defendants rely on a line of cases which hold that an action for medical malpractice *50 against a doctor or a hospital arising out of the physician's negligence is a tort action and is not a contract action unless the physician warrants a specific result, and is governed by the prescription of one year. Lott v. Haley, 370 So.2d 521 (La.1979); Phelps v. Donaldson, 243 La. 1118, 150 So.2d 35 (1963); Zeno v. Lincoln General Hospital, 376 So.2d 1284 (La.App.2d Cir. 1979); Sumerall v. St. Paul Fire & Marine Insurance Company, 366 So.2d 213 (La.App.2d Cir. 1978); Dauzat v. St. Paul Fire & Marine Insurance Company, 336 So.2d 540 (La. App.3d Cir. 1976); Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App.3d Cir. 1974), writ denied 315 So.2d 144 (La.1975). Compare Creighton v. Karlin, 225 So.2d 288 (La.App.4th Cir. 1969), writ denied 254 La. 842, 227 So.2d 590 (1969); and Henson v. St. Paul Fire & Marine Insurance Company, 354 So.2d 612 (La.App.1st Cir. 1977), affirmed on other grounds 363 So.2d 711 (La. 1978). See also LSA-R.S. 9:5628, adopted in 1975, establishing the prescriptive period for actions, ex delicto or ex contractu, against physicians and hospitals.
The cases relied on by defendants are not applicable to the instant case. First of all, in none of these cases was there a written contract between the plaintiff and defendant containing express contractual obligations. Second, each of those cases was based on a physician's negligence, which is not involved in the instant case. Although some of those suits involved a hospital joined with a physician as a defendant, they were each based on the alleged negligence of a physician. The defendants have cited no Louisiana cases which hold that a patient of a hospital or a nursing home, (which has been held to owe the same general duty to a patient as a hospital, Collier v. AMI, Inc., 254 So.2d 170 (La.App.2d Cir. 1971)), cannot assert an action in contract against a hospital or a nursing home for breach of contractual obligations to provide care and services, or that such an action is governed by the one-year prescriptive period provided by LSA-C.C. Art. 3536.
For the reasons assigned, the judgment of the district court is reversed and set aside insofar as it sustained the exception of prescription as to plaintiff's actions in contract arising out of the incidents which occurred in 1975 and 1976. As to such actions in contract, the exception of prescription is overruled. In all other respects, the judgment of the district court is affirmed. The case is remanded to the district court for further proceedings. All costs of this appeal are assessed to the defendants-appellees.
Affirmed in part, reversed in part, and remanded.