453 So.2d 323 (1984)
SUCCESSION OF Regina DUBOS.
No. C-2542.
Court of Appeal of Louisiana, Fourth Circuit.
July 19, 1984.
*324 W.L. West, New Orleans, for defendant-relator.
Koorie & Loup, New Orleans, for Heirs of Regina Dubos.
James J. Grevemberg, New Orleans, for respondent, Succession of Regina Dubos.
GULOTTA, BARRY and CIACCIO, JJ.
GULOTTA, Judge.
In this suit for damages from the unauthorized sale of securities belonging to a succession, defendant-relator, Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), seeks supervisory writs to set aside the trial court's judgment denying its exceptions of prescription, no cause of action and no right of action.
The petition filed by the co-dative testamentary executor alleges, in pertinent part, that Merrill Lynch was "negligent" as a stockbroker in its handling of the sale of certain securities and trust funds made by the former executor of the succession. According to the petition, Merrill Lynch "failed to meet the obligations as a fiduciary and observe the fidelity imposed upon brokers by law" by not requiring a judgment of court authorizing the sale and was liable in solido with the former executor for resulting damage to the succession heirs.
In support of its exception of prescription, relator contends that the petition filed in 1983, which alleges relator's "negligence" concerning securities transactions occurring in 1980, fails to meet the one year statute of limitations for tort actions under LSA-C.C. Art. 3492. We disagree.
The same acts or omissions may constitute breaches of both general and contractual duties, and give rise to actions both in tort and in contract. A plaintiff may assert both actions without the necessity of pleading the theory of his case. Free v. Franklin Guest Home, Inc., 397 So.2d 47 (La.App. 2nd Cir.1981), writ denied 401 So.2d 975 (La.1981). Although the petition alleges that relator was "negligent" in handling the sale of the securities without first requiring a judgment of court authorizing the sale, it further alleges that relator thereby "failed to meet the obligations as a fiduciary and observe the fidelity imposed upon brokers by law". We interpret this pleading as a personal action for relator's breach of contract or obligation to perform its fiduciary duty as a securities broker, which is subject to a ten year prescriptive period. LSA-C.C. Art. 3499; Kline v. Globe Automobile Finance Company, 100 So.2d 517 (La.App.Orl.1958).
We likewise find no error in the trial judge's denial of relator's exceptions of no cause and no right of action. In support of these exceptions, relator contends it had no actual knowledge that the former executor had not obtained proper court authorization to sell the securities in the succession's account or had breached his fiduciary duties as executor. Citing LSA-R.S. 9:3833 and 3837, under the Uniform Law for Simplification of Fiduciary Security Transfers, relator contends it is exculpated from liability under these circumstances.
An exception of no cause of action is decided upon the face of the plaintiff's petition, taking all of its well-pleaded allegations of fact as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). Accepting as true plaintiff's allegations of damage caused by Merrill Lynch's failure to meet its "obligations as a fiduciary and observe the fidelity imposed upon brokers by law", we conclude the petition states a cause of action.
We likewise reject relator's arguments concerning respondent's right of action. An exception of no right of action is designed to question whether the plaintiff has any interest in enforcing judicially the right asserted. Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La. 1979); Gaudet v. Bd. of C. for Pontchartrain Levee, 339 So.2d 931 (La.App. 4th Cir.1976).
Clearly, a co-dative testamentary executor has a right to assert a claim against a securities broker for a breach of duty involving the sale of securities owned by the succession. LSA-C.C.P. Art. 3211 *325 imposes upon a succession representative the duty to possess the property of the succession and to "enforce all obligations in its favor." LSA-C.C.P. Art. 3196 likewise provides that in the performance of his duties the representative "may exercise all procedural rights available to a litigant." Although the Uniform Law for Simplification of Security Transfers, cited by relator, may be relevant to a defense at a trial on the merits of plaintiff's claim, relator cannot rely on these statutory provisions to defeat (on an exception of no right of action) plaintiff's lawful right to assert a claim on behalf of the succession.
For the foregoing reasons, we find no error in the trial judge's denial of relator's exceptions of prescription, no cause of action and no right of action. Although, from a jurisprudential standpoint, we could have declined to exercise our discretionary supervisory jurisdiction in this writ application from an interlocutory judgment, we have considered it on its merits in the belief that judicial efficiency and fundamental fairness to the litigants will be served by our written opinion concerning relator's peremptory exceptions. See Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
Accordingly, the application is denied.
WRITS DENIED.