Sister Carol **FRANCIS**

v.

**HEALTH CARE CAPITAL, INC. d/b/a East Haven Care Center.**

**Civil Action No. 94–3870.**

United States District Court, E.D. Louisiana.

April 15, 1996.

H. Kennard Bennett, Severns & Associates, Indianapolis, IN, for Carol Francis.

Donna Guinn Klein, Deborah A. Van Meter, Lezley A. Kuntz, McGlinchey Stafford Lang, New Orleans, LA, for defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendant Health Care Capital, Inc. d/b/a East Haven Care Center's (hereinafter referred to as East Haven) motion for partial summary judgment and, additionally, motion in limine. Through this motion, the defendant seeks to have dismissed all of the claims by the plaintiff for acts and/or omissions which occurred prior to December 5, 1993 of the basis of prescription. Additionally, the defendant asserts that all of the plaintiff's claims for inadequate staffing or staff development should be dismissed for lack of evidence. Finally, the defendant requests an order excluding from evidence any acts and/or omissions which have been dismissed from this suit for any of the above reasons. After a review of the applicable law, the record, and the memoranda in support and opposition, the Court DENIES the defendant's motion for partial summary judgment and, additionally, motion in limine for the following reasons.

## BACKGROUND

On March 3, 1993, the father of the plaintiff, Mr. Jacob Francis, Sr., entered East Haven Care Center as a resident. East Haven is a nursing home owned and operated by Health Care Capital, Inc. At that time, Mr. Francis was over eighty years old, had severe eye-sight problems and was in poor health. Mr. Francis required extensive medical care which included physical rehabilitation, dietary monitoring, and assistance in most all daily activities. It is alleged in this action that the care provided by the defendant for Mr. Francis was inadequate and negligent in light of his needs. For example, the plaintiff contends that Mr. Francis was improperly restrained, suffered weight loss, was forced to wear a diaper and was not given assistance with eating. Also, the plaintiff contends that Mr. Francis' overall medical care was poor and not in tune with his needs. It is alleged that this negligent care came to head when the plaintiff fell from his wheelchair on December 7, 1993 and injured his head. Mr. Francis was removed from East Haven on January 12, 1994. For causes apparently unrelated to this matter, Mr. Francis is now deceased and is being represented in this case by the executrix of his estate, his daughter, Sister Carol Francis.

The instant suit was filed by the plaintiff on December 5, 1994. In her complaint, the plaintiff alleges that a contract was entered into by the parties and that the negligent acts and/or omissions by the defendant injured her father in various ways (humiliation, emotional distress, etc.). Furthermore, the plaintiff claims that a fiduciary relationship existed between the parties and that the defendant breached this fiduciary duty.

The defendant seeks summary judgment on all of the plaintiff's claims which are alleged to have occurred prior to December 5, 1993. The basis of the defendant's assertions is that the plaintiff's allegations lie only in tort, and not contract, and that a one year prescriptive period applies in this case which should bar those claims for acts and/or omissions which are alleged to have occurred before December 5, 1993 as untimely.

### LEGAL STANDARD

█ Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the non-moving party. *Crescent Towing v. M/V Anax,* 40 F.3d 741, 743 (5th Cir.1994). The non-moving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the non-moving party will not defeat a motion for summary judgment. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied,* 961 F.2d 215 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). This legal standard will be applied in the following analysis of the issues.

### ANALYSIS

#### A. Plaintiff's breach of contract claim.

In paragraphs III and IV of the plaintiff's complaint, it is alleged that the defendant contracted with the plaintiff to provide reasonable nursing home care to Mr. Francis along with adequate medical, nursing and custodial care. The contract entered into by the parties was styled as an "Admission Agreement" and included language which stated that the nursing home agreed "to furnish room, board, linens and bedding, nursing care, and such personal services as may be required for the health, safety, and well-being of the patient." In consideration for this care, Mr. Francis consented to pay East Haven $1880.00 per month. The plaintiff contends that the defendant failed to provide Mr. Francis with adequate care which was consistent with his needs and would allow him to maintain his well-being and thus breached the contract between the parties.

The defendant takes the position that all of the plaintiff's claims are grounded exclusively in tort and not in contract. The thrust of the defendant's argument is that the acts alleged by the plaintiff can not sound both in tort and contract and thus any breach of contract claim must be dismissed.[1]

█ The only Louisiana case which is factually and legally on all fours with the instant action is *Free v. Franklin Guest Home, Inc.,* 397 So.2d 47 (La.App. 2nd Cir.), *writ denied,* 401 So.2d 975 (La.1981).[2] In *Free,* the plaintiff filed suit against a nursing home alleging abuse, lack of care and total neglect over a period of four years. *Id.* at 48. Ms. Free[3] asserted that her claim sounded both in tort and contract. The contract concerned was the "Admission Agreement" along with a document entitled "Patient's Rights." *Id.* at 49. The documents together provided that Mr. Free would pay the nursing home a monthly fee of $378 and the home would furnish him with the care and services required for his health, safety and well-being. *Id.* The defendant in *Free* raised the defense of one year liberative prescription and this issue went before Louisiana's Second Circuit Court of Appeals.

The Second Circuit found that "there was clearly a contractual relationship between the nursing home and Mr. Free." *Id.* At the time, the *Free* court felt that it was well

---

**1.** The issue which is presented by these arguments deals with Louisiana's law of prescription. If the plaintiff's claims sound exclusively in tort, then they would be subject to the liberative prescription for delictual actions of one year. La. Civ.Code Ann. art. 3492 (West 1996). This would mean that the plaintiff could possibly be time barred from bringing suit for any negligent acts committed by the defendant before December 5, 1993. If the plaintiff has a breach of contract claim, then, the plaintiff contends, the ten year liberative prescriptive period would apply and there would be no time bar to the plain-

tiff's claims. La.Civ.Code Ann. art. 3499 (West 1996).

As will be discussed below, the difference in the two prescriptive periods is of no concern in this case in light of La.Rev.Stat.Ann. 9:5628 (West 1991).

**2.** In this case, the Court applies Louisiana law since it was filed pursuant to diversity jurisdiction. 28 U.S.C. § 1332.

**3.** The plaintiff in *Free* was Mrs. Annie Free the wife of the then deceased Mr. Jessie Free.

settled that acts or omissions may constitute breaches of both general duties and contractual duties and thus give rise to claims in tort and contract. *Id.* Even assuming that the contract between the parties added nothing to the general obligations of the defendant, the nursing home chose to enter into an express contractual obligation and should be liable for any breach of that contract which may have occurred. Furthermore, "this should be true even though the breach might also give rise to liability in tort." *Id.*

The defendant strongly asserts that the Louisiana Supreme Court has effectively overruled *Free* by its decision in *Roger v. Dufrene*, 613 So.2d 947 (La.1993). *Roger* concerned a suit filed by a third party employer against an insurance agent for failure to provide allegedly requested insurance coverage. *Id.* at 948. The employer argued that the agent's alleged failure was a breach of contract and thus governed by the ten year prescriptive period. The *Roger* court found that a suit against an insurance agent was similar to an action against a professional for malpractice and thus subject to a one-year prescriptive period. *Id.* at 948–49. The Supreme Court did not address the prescriptive period applicable to the insurance agency or any other entity which contracts to provide a service and then breaches that contract. Therefore, *Roger* is distinguishable from *Free* and this matter and the Court does not find that *Free* has been overruled by the *Roger* decision.[4]

■ *Free* is still good law and stands for the principle that "the same acts or omissions" may give rise to actions in tort *and* contract. *Schenck v. Living Centers–East, Inc, et al,* 917 F.Supp. 432 (E.D.La.1996); *Ridge Oak Development, Inc. v. Murphy,* 641 So.2d 586, 588 (La.App. 4th Cir.1994); *Dubin v. Dubin,* 641 So.2d 1036, 1039 (La.App. 2nd Cir.1994). There was privity of contract between the parties in this case allowing the plaintiff to maintain a breach of contract claim. Therefore, the defendant's motion for summary judgment dismissing the plaintiff's contractual claim is DENIED.

## B. The applicable prescriptive period in this case.

■ Considering that the plaintiff has a claim against the defendant which lies both in tort and contract, it is necessary for the Court to determine the applicable prescriptive period in this case. Be it in contract or tort, the plaintiff's complaint is essentially one for medical malpractice against East Haven. The Louisiana legislature has enacted many statutes which govern the prosecution of civil claims for malpractice against health care providers. By statute, Louisiana defines malpractice as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient. . . ." La. Rev.Stat.Ann. 40:1299.41(A)(8) (West 1992). With this definition in mind, the Court looks to see if East Haven, a nursing home, is considered a "health care provider" under Louisiana law and thus covered by those statutes which govern malpractice claims.

Louisiana law defines a "health care provider" as "a person, partnership, corporation, facility, or institution licensed by this state to provide health care or professional services as a physician, hospital, community blood center, tissue bank, dentist, registered or licensed practical nurse. . . ." La.Rev.Stat. Ann. 40:1299.41(A)(1). While nursing homes are not mentioned in § 1299.41(A)(1), the statute does go on to state that the word " 'hospital' means any hospital defined in R.S. 40:2102; any 'nursing home' or 'home' as defined in R.S. 40:2009.2; or any physician's or dentist's offices or clinics containing facilities for the examination, diagnosis, treatment or care of human illnesses." La.Rev.Stat. Ann. 40:1299.41(A)(4). A nursing home is clearly considered a hospital and thus is a health care provider under Louisiana law.

Considering the above, the Court looks to the applicable prescriptive period for medical malpractice claims against health care providers. Louisiana Revised Statute 9:5628 states:

---

4. The Court acknowledges that another section of this Court has found that *Roger* effectively overruled *Free* and respectively disagrees with that decision. *Freedman v. ARA Living Centers–East, Inc.,* 1994 WL 180098 (E.D.La.1994).

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

■ A review of La.R.S. 9:5628 reveals that Louisiana has subjected all claims, whether based in tort, contract or products liability, against health care providers to a one year prescriptive period. *Brooks v. Vitek,* 875 F.2d 499, 500 (5th Cir.1989). The decision to place a one year prescriptive period on all medical malpractice claims was a policy determination by the Louisiana legislature in response to the increase of medical costs to the public. *Valentine v. Thomas,* 433 So.2d 289, 292 (La.App. 1 Cir.), *writ denied,* 440 So.2d 728 (La.1983). The extension of La.R.S. 9:5628 to nursing homes is thus a logical one in light of the express definitions provided by the applicable statutes.[5] Therefore, in this case, East Haven, a nursing home, is considered a hospital and any claim brought against it is subject to La.R.S. 9:5628. *See Fontenot v. Opelousas General Hosp.,* 503 So.2d 709 (La.App. 3 Cir.), *writ denied,* 505 So.2d 62 (La.1987)

(holding that hospitals may look to La.R.S. 9:5628).

In summary, the plaintiff has a valid breach of contract claim, as well as a negligence claim against the defendant[6] but all such claims are subject to a one year prescriptive period as provided for in La.R.S. 9:5628. *See* La.Rev.Stat.Ann. 9:5628 (West 1992).

**C. La.R.S. 9:5628 and the Doctrine of Continuing Tort.**

Having determined that La.R.S. 9:5628 applies in this matter, the Court now directs its attention to the issue of whether those acts and/or omissions which allegedly occurred prior to December 5, 1993 have prescribed. The defendant contends that every act alleged by the plaintiff is a specific and separate instance of negligence which caused prescription to begin to run at the end of each incident. Therefore, the defendant asserts that every act and/or omission alleged by the plaintiff which occurred prior to December 5, 1993 must be dismissed as untimely. The plaintiff argues that, if the one year prescriptive period is applicable, the actions of the nursing home constituted a continuous tort which did not abate until Mr. Francis left the home on January 12, 1994. For this analysis, the Court looks to the Louisiana Supreme Court's most recent pronouncement on the continuous tort doctrine in *Bustamento v. Tucker,* 607 So.2d 532 (La.1992). *See also South Central Bell Telephone Co. v. Texaco, Inc.,* 418 So.2d 531 (La.1982).

■ At the outset, it must be noted that under Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. *August v. Star Enterprise, Inc.,* 899 F.Supp. 1540, 1542 (E.D.La.1995).

---

**5.** The Court acknowledges that another section of this Court has viewed La.R.S. 9:5628 differently and held that it does not apply to nursing homes. While noting that Court's reasoning, this Court respectively disagrees with that holding. *Schenck v. Living Centers–East, Inc., et al.,* 917 F.Supp. 432, 436–37 (E.D.La.1996).

**6.** The plaintiff also has alleged a breach of fiduciary duty claim in her complaint which is not addressed in this motion.

In *Bustamento,* the Louisiana Supreme Court held that in an action for intentional infliction of emotional distress resulting from sexual harassment, the one-year prescription period did not commence until the last act occurred or the conduct abated. *Bustamento,* 607 So.2d at 542. The *Bustamento* court found the doctrine of continuing tort applicable because the acts or conduct were continuous, perpetrated by the same actor, were of the same nature, and the conduct became tortious by virtue of its continuous, cumulative, and synergistic nature. *Id.*

■ In the plaintiff's complaint, she alleged that the defendant mistreated and abused Mr. Francis during his stay at East Haven. The plaintiff claims, on behalf of Mr. Francis, damages such as physical pain and suffering, mental pain and suffering, embarrassment, humiliation, emotional distress and increased disability. She asserts that her cause of action is not for each separate incident but for the totality of harm allegedly suffered by Mr. Francis during the 10 months he was at the defendant's nursing home. As evidence of this alleged negligent conduct which accumulated over time to cause damage, the plaintiff points to Mr. Francis' continuous weight loss while at the nursing home, his development of contractures while in the care of the defendant, and the weakening of his muscles as a result of constantly being in restraints.[7]

The defendant counters that each act and/or omission averred by the plaintiff was a separate and distinct incident. East Haven contends, while denying any negligence, that each act alleged was tortious in its own right and the plaintiff had a cause of action after each incident. Therefore, these acts and/or omissions constituted successive torts. *See Laughlin v. Breaux,* 515 So.2d 480 (La.App. 1st Cir.1987) (holding that instances of physical abuse which ultimately producing Battered Woman's Syndrome where separate and independent tortious acts). This Court disagrees with the defendant's analysis.

Returning to *Bustamento,* the Court finds that the negligent care of Mr. Francis was allegedly continuous and was allegedly perpetrated by the same actor, East Haven. The acts asserted by the plaintiff are of the same nature in that they represent overall negligent care of Mr. Francis which over time caused the damage complained of by the plaintiff. The conduct in question rose to the level of tortious activity due to its continuous and cumulative effect over time and that each alleged incident would not have necessarily been an actionable tort standing alone. Additionally, the plaintiff is seeking damages for the synergistic damages done and not for each separate incident.

The Court finds that the doctrine of continuing tort is applicable in this case. Furthermore, the acts and/or omissions complained of did not abate until Mr. Francis left East Haven on January 12, 1994. Therefore, this suit was not filed untimely and those acts and/or omissions which allegedly occurred prior to December 5, 1993 may properly be brought in this action.

The defendant's motion for partial summary judgment on the issue of prescription is DENIED.

### CONCLUSION

For the foregoing reasons, the defendant's motion for partial summary judgment is DENIED.

ADDITIONALLY, considering the above reasoning, the defendant's motion in limine to exclude evidence of those events which occurred prior to December 5, 1993 is DENIED.

FURTHERMORE, in regards to the defendant's motion to dismiss the plaintiff's claims for inadequate staffing and staff development, the Court finds that genuine issues of fact remain as to the validity of this issue which is not properly decided on a motion for summary judgment and thus DENIES the defendant's motion at this time.

---

7. At this point, it is appropriate to reiterate the point that in reviewing this motion the Court must view all disputed facts in a light most favorable to the non-moving party, in this case the plaintiff.