### Betty PETRE
### v.
### LIVING CENTERS–EAST, INC. d/b/a Chateau Living Center, et al.
### Civil Action No. 94–1004.

United States District Court,
E.D. Louisiana.

Order and Reasons April 8, 1996.

Minute Entry April 15, 1996.

Jack W. Harang, Law Offices of Jack W. Harang, Mandeville, LA, H. Kennard Bennett, Severns & Associates, Indianapolis, IN, for plaintiff.

Thomas C. Cowan, Philip J. Borne, Richard J. Garvey, Jr., Christovich & Kearney, New Orleans, LA, for defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendant Living Centers–East, Inc.'s (Living Centers) motion for partial summary judgment. The defendant asserts that, as a matter of law, the plaintiff's claims for breach of contract, breach of fiduciary duty and violation of statutory duty owed to a nursing home resident should be dismissed. This motion was taken under submission by the Court on the briefs. After a review of the applicable law, the record, and the memoranda in support and opposition, the Court DENIES the defendant's motion for partial summary judgment.

### BACKGROUND

On March 16, 1993, the mother of the plaintiff, Ms. Chetta M. Guth, entered Chateau Living Center in Jefferson, Louisiana as a resident. Chateau Living Center is a nursing home operated by Living Centers–East,

Inc. At that time, Ms. Guth was over ninety years old and in frail health. While at the nursing home, it is alleged that Ms. Guth suffered several falls which eventually resulted in her being removed from Chateau Living Center by her family on June 25, 1993.[1] For causes apparently unrelated to this matter, Ms. Guth is now deceased and is being represented in this case by her daughter, Ms. Betty Petre.

The instant suit was filed by the plaintiff on March 23, 1994 alleging, under four separate legal theories, that the defendant failed to provide Ms. Guth with suitable care while she was a resident at the nursing home. The plaintiff's allegations range from verbal abuse of Ms. Guth to improper supervision leading to injury. The defendant seeks summary judgment on three of the plaintiff's four claims, as described above, alleging that the plaintiff's assertions are invalid as a matter of law or otherwise prescribed.

### LEGAL STANDARD

 Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1994). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). This legal standard will be applied in the following analysis of the issues.

---

1. Ms. Guth was not in the care of Chateau Living Center from March 30, 1993 until April 23, 1993. During that period, she was receiving treatment at East Jefferson General Hospital.

## ANALYSIS

### A. Plaintiff's breach of contract claim.

In Count One of the plaintiff's complaint, it is alleged that the defendant contracted with the plaintiff to provide reasonable and safe care to Ms. Guth along with adequate medical, nursing and custodial care. The contract entered into by the parties was styled as an "Admission Agreement" and included language which stated that "[t]he nursing facility agrees ... [t]o recognize and protect the basic constitutional, statutory, and regulatory rights and entitlements ·of all residents." The plaintiff contends that the defendant failed to provide a safe and secure residence for Ms. Guth and thus breached the contract between the parties.

The defendant takes the position that all of the plaintiff's claims are grounded exclusively in tort and not in contract. The thrust of the defendant's argument is that the acts alleged by the plaintiff can not sound both in tort and contract and thus the contract claim must be dismissed.[2]

■ The only Louisiana case which is factually and legally on all fours with the instant action is *Free v. Franklin Guest Home, Inc.*, 397 So.2d 47 (La.App. 2nd Cir.), *writ denied*, 401 So.2d 975 (La.1981).[3] In *Free,* the plaintiff filed suit against a nursing home alleging abuse, lack of care and total neglect over a period of four years. *Id.* at 48. Ms. Free[4] asserted that her claim sounded both in tort and contract. The contract concerned was the "Admission Agreement" and a document entitled "Patient's Rights." *Id.* at 49. The documents together provided that Mr. Free would pay the nursing home a monthly fee of $378 and the home would furnish him with the care and services required for his health,

safety and well-being. *Id.* The defendant in *Free* raised the defense of one year liberative prescription and this issue went before Louisiana's Second Circuit Court of Appeals.

The Second Circuit found that "there was clearly a contractual relationship between the nursing home and Mr. Free." *Id.* At the time, the *Free* court felt that it was well settled that acts or omissions may constitute breaches of both general duties and contractual duties and thus give rise to claims in tort and contract.· *Id.* Even assuming that the contract between the parties added nothing to the general obligations of the defendant, the nursing home choose to enter into an express contractual obligation and should be liable for any breach of that contract which may have occurred. Furthermore, "this should be true even though the breach might also give rise to liability in tort." *Id.*

While conceding that there are no other Louisiana cases involving a nursing home and a breach of contract claim, the defendant argues that *Free* has been effectively overruled by various subsequent opinions. The defendant first looks to two Second Circuit opinions, *Kildron v. Shady Oaks Nursing Home*[5] and *McCartney v. Columbia Heights Nursing Home, Inc.*[6], as evidence that *Free* is no longer good law. Both of these cases involved nursing homes and alleged improper care. These courts found that the claims where grounded in tort unless there was a contract to furnish special care. The plaintiff here points out that a breach of contract claim was never raised nor addressed in these cases. Additionally, the *Free* case is not mentioned by the Second Circuit in either case and the principle that an action can be both in tort and contract is not confront-

---

2. The issue which is presented by these arguments deal with Louisiana's law of prescription. If the plaintiff's claims sound exclusively in tort, then they would be subject to the liberative prescription for delictual actions of one year. La. Civ.Code Ann. art. 3492 (West 1996). This would mean that the plaintiff could possibly be time barred from bringing suit for any negligent acts committed by the defendant before March 25, 1993. If the plaintiff has a breach of contract claim, then the ten year liberative prescriptive period would apply and there would be no time bar to the plaintiff's claims. La.Civ.Code Ann. art. 3499 (West 1996).

3. In this case, the Court applies Louisiana law since it was filed pursuant to diversity jurisdiction. 28 U.S.C. § 1332.

4. The plaintiff in *Free* was Mrs. Annie Free the wife of the then deceased Mr. Jessie Free.

5. 549 So.2d 395 (La.App. 2nd Cir.1989).

6. 634 So.2d 927 (La.App. 2nd Cir.1994).

ed. *McCartney* and *Kildron* are clearly distinguishable from the instant action and *Free*.

The defendant strongly asserts that the Louisiana Supreme Court has effectively overruled *Free* by its decision in *Roger v. Dufrene*, 613 So.2d 947 (La.1993). *Roger* concerned a suit filed by a third party employer against an insurance agent for failure to provide allegedly requested insurance coverage. *Id.* at 948. The employer argued that the agent's alleged failure was a breach of contract and thus governed by the ten year prescriptive period. The *Roger* court found that a suit against a insurance agent was similar to an action against a professional for malpractice and thus subject to a one-year prescriptive period. *Id.* at 948–49. The Supreme Court did not address the prescriptive period applicable to the insurance agency or any other entity which contracts to provide a service and then breaches that contract. Therefore, *Roger* is distinguishable from *Free* and this matter and the Court does not find that *Free* has been overruled by the *Roger* decision.[7]

The defendant in his motion for summary judgement goes on to cite several cases which it feels show that a case such as this one can sound only in tort and not in contract. This Court disagrees. These cases are factually and legally distinguishable from the case at hand. *Free* is still good law and stands for the principle that "the same acts or omissions" may give rise to actions in tort *and* contract. *Schenck v. Living Centers–East, Inc, et al,* 917 F.Supp. 432 (E.D.La. 1996); *Ridge Oak Development, Inc. v. Murphy,* 641 So.2d 586, 588 (La.App. 4th Cir. 1994); *Dubin v. Dubin,* 641 So.2d 1036, 1039 (La.App. 2nd Cir.1994). Therefore, the defendant's motion for summary judgment dismissing the plaintiff's contractual claim is DENIED.

### B. Plaintiff's claim for breach of fiduciary duty.

Count 3 of the plaintiff's complaint alleges that the defendant breached its fiduciary duties to the plaintiff and Ms. Guth which arose out of the special relationship between the parties. The defendant asserts that a claim for a breach of fiduciary duty requires proof of the existence of such a relationship along with fraud, breach of trust, or action outside the fiduciary's authority. *Gerdes v. Estate of Cush,* 953 F.2d 201, 205 (5th Cir. 1992). The defendant contends that the contract involved does not establish such a relationship and that the plaintiff has no proof that one existed in this case.

A simple contract does not establish a fiduciary relationship. A fiduciary duty develops out of the nature of the relationship between those involved. One Louisiana court has defined a fiduciary duty as follows:

> One is said to act in a "fiduciary capacity" when the business which he transacts, or the money or property he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the part and a high degree of good faith on the other part. *Office of the Commissioner of Insurance v. Hartford Fire Insurance Co.,* 623 So.2d 37, 40 (La.App. 1st Cir.1993).

While this Court concedes that fiduciary relationships are most often found in financial dealings, the Court can think of no relationship which better fits the above description than that which exists between a nursing home and its residents. As stated eloquently by the *Schenck* court, "one would hope at least in principle that entrusting a valued family member to the care of a business entity such as a nursing home would carry similar responsibilities" as those created by a business relationship. *Schenck v. Living Centers–East, Inc., et al,* 917 F.Supp. 432, 437–38 (E.D.La.1996).

The burden of proving that a fiduciary relationship existed in this case still lies with the plaintiff but such a factual determination in more properly handled at trial and not on a motion for summary judgment. For the

---

7. The Court acknowledges that another section of this Court has found that *Roger* effectively overruled *Free* and respectively disagrees with that decision. *Freedman v. ARA Living Centers–East, Inc.,* 1994 WL 180098 (E.D.La.1994).

foregoing reasons, the defendant's motion for summary judgment on this claim is DENIED.

### C. Plaintiff's claim for violation of statutory duty owed to a nursing home resident.

In Count 4 of the plaintiff's complaint, Ms. Petre seeks civil enforcement of Ms. Guth's statutory rights as established by La.Rev. Stat.Ann. 40:2010.8 (West 1992). The defendant asserts that any breach of § 2010.8 is based in negligence and as such is merely a tort and thus duplicative of Count 2.[8]

 Louisiana has created a private cause of action against nursing homes for any alleged breach of a resident's rights as defined by § 2010.8. La.Rev.Stat.Ann. 40:2010.9 (West 1992). § 2010.9 allows a resident to seek damages plus attorney's fees and cost. The 1995 Amendments to § 2010.9(B) state that "[t]he remedies provided in this action are in addition to and cumulative with other legal and administrative remedies available to a resident...."

Therefore, the defendant's motion for summary judgment on this claim is DENIED.

### D. Defendant's prescription defense.

The defendant contends that since the plaintiff filed her complaint on March 25, 1994 all causes of action, except for the breach of contract claim, should be dismissed as they pertain to events which occurred prior to March 25, 1993. This argument rests on the contention that those allegations alleged in Counts 2, 3, and 4 of the plaintiff's complaint are subject to a one year prescriptive period. La.Civ.Code Ann. art 3492 (West 1996).

 As to Count 3, breach of fiduciary duty, this is a personal action subject to a ten year prescriptive period. *Gerdes v. Es-*

tate of Cush, 953 F.2d 201, 204 (5th Cir.1992); La.Civ.Code Ann. art. 3499 (West 1996). With respect to Counts 2 and 4, the plaintiff contends that genuine issues of fact exist as to whether the defendant's acts of negligence alleged by plaintiff would constitute a continuing tort under Louisiana law. *See Bustamento v. Tucker,* 607 So.2d 532 (La.1992). This Court agrees and for that reason DENIES the defendant's motion for summary judgment on the basis of prescription.

### *CONCLUSION*

For the foregoing reasons, the defendant's motion for partial summary judgment is DENIED.

On April 9, 1996, the Court entered an Order and Reasons denying the defendant's motion for partial summary judgment. The defendant provided the Court with a supplemental memorandum in support of its motion on the same day the order was signed. The defendant's supplemental memorandum has raised certain issues which the Court will address in this Minute Entry and hereby supplement its Order and Reasons entered April 9, 1996.

### E. The applicable prescriptive period in this case.[1]

Considering that the plaintiff has a claim against the defendant which lies in tort, contract and breach of fiduciary duty, it is necessary for the Court to determine the applicable prescriptive period in this case. In its April 9, 1996 Order and Reasons, the Court applied the ten year prescriptive period for personal actions to this case. *See* La.Civ. Code Ann. art. 3499 (West 1994). In its supplemental memorandum, the defendant raises the applicability of La.R.S. 9:5628 to this action. The Court agrees that this statute does apply for the following reasons.

---

8. Count 2 is a negligence claim and is not directly addressed in this motion.

1. The Court will not restate the background of this case in this Minute Entry, see the Order and Reasons entered April 9, 1996 for this information.

The Order and Reasons entered April 9, 1996 concerned the viability of the plaintiff's claims for breach of contract, breach of fiduciary duty, and violation of statutory duty owed to a nursing home resident. The Court denied the defendant's motion for partial summary judgment dismissing these claims. The April 9, 1996 order also addressed the issue of prescription in this case which the Court takes this opportunity to revisit at this time.

Be it in contract or tort, the plaintiff's complaint is essentially one for medical malpractice against Chateau Living. The Louisiana legislature has enacted many statutes which govern the prosecution of civil claims for malpractice against health care providers. By statute, Louisiana defines malpractice as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient...." La.Rev.Stat.Ann. 40:1299.41(A)(8) (West 1992). With this definition in mind, the Court looks to see if Chateau Living, a nursing home, is considered a "health care provider" under Louisiana law and thus covered by those statutes which govern malpractice claims.

Louisiana law defines a "health care provider" as "a person, partnership, corporation, facility, or institution licensed by this state to provide health care or professional services as a physician, hospital, community blood center, tissue bank, dentist, registered or licensed practical nurse...." La.Rev.Stat. Ann. 40:1299.41(A)(1). While nursing homes are not mentioned in § 1299.41(A)(1), the statute does go on to state that the word "hospital" means any hospital defined in R.S. 40:2102; any 'nursing home' or 'home' as defined in R.S. 40:2009.2; or any physician's or dentist's offices or clinics containing facilities for the examination, diagnosis, treatment or care of human illnesses." La.Rev.Stat. Ann. 40:1299.41(A)(4). A nursing home is clearly considered a hospital and thus is, in the opinion of this Court, a health care provider under Louisiana law.

Considering the above, the Court looks to the applicable prescriptive period for medical malpractice claims against health care providers. Louisiana Revised Statute 9:5628 states:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

A review of La.R.S. 9:5628 reveals that Louisiana has subjected all claims, whether based in tort, contract or products liability, against health care providers to a one year prescriptive period. *Brooks v. Vitek,* 875 F.2d 499, 500 (5th Cir.1989). The decision to place a one year prescriptive period on all medical malpractice claims was a policy determination by the Louisiana legislature in response to what they perceived to be the cause of the increase in medical costs to the public. *Valentine v. Thomas,* 433 So.2d 289, 292 (La.App. 1 Cir.), *writ denied,* 440 So.2d 728 (La.1983). The extension of La. R.S. 9:5628 to nursing homes is a logical one in light of the express definitions provided by the applicable statutes.[2] Therefore, in this case, Chateau Living, a nursing home, is considered a hospital and any claim brought against it is subject to La.R.S. 9:5628. *See Fontenot v. Opelousas General Hosp.,* 503 So.2d 709 (La.App. 3 Cir.), *writ denied,* 505

---

**2.** The plaintiff takes a different view of La.R.S. 9:5628 and the corresponding statutes cited above. The plaintiff contends that since the language with reference to La.R.S. 40:1299.41(A) was not added until 1990 along with "or community blood center or tissue bank," the Court should only look to 40:1299.41(A) for a definition of blood center or tissue bank and not hospital. This Court disagrees.

The Court acknowledges that another section of this Court has viewed La.R.S. 9:5628 differently and held that it does not apply to nursing homes. While noting that Court's reasoning, this Court respectively disagrees with that holding. *Schenck v. Living Centers–East, Inc., et al.,* 917 F.Supp. 432, 436–37 (E.D.La.1996).

So.2d 62 (La.1987) (holding that hospitals may look to La.R.S. 9:5628).

In summary, the plaintiff has a valid claim for breach of contract, tort, violation of statutory duty, and breach of fiduciary duty but all such claims are subject to a one year prescriptive period as provided for in La.R.S. 9:5628. *See* La.Rev.Stat.Ann. 9:5628 (West 1992).

### F. La.R.S. 9:5628 and the Doctrine of Continuing Tort.

Having determined that La.R.S. 9:5628 applies in this matter, the Court now directs its attention to the issue of whether those acts and/or omissions which allegedly occurred prior to March 25, 1993 have prescribed. The defendant contends that if the one year prescriptive period is applicable all of the plaintiff's claims for acts and/or omissions between March 16–25, 1993 are untimely. While the plaintiff has failed to raise this issue in her briefs, the Court feels that the doctrine of continuing tort must be addressed in this case. Under that doctrine, the actions of the nursing home could have constituted a continuous tort which did not abate until Ms. Guth left the nursing home on June 25, 1993. For this analysis, the Court looks to the Louisiana Supreme Court's most recent pronouncement on the continuous tort doctrine in *Bustamento v. Tucker*, 607 So.2d 532 (La.1992). *See also South Central Bell Telephone Co. v. Texaco, Inc.*, 418 So.2d 531 (La.1982).

At the outset, it must be noted that under Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. *August v. Star Enterprise, Inc.*, 899 F.Supp. 1540, 1542 (E.D.La.1995).

In *Bustamento*, the Louisiana Supreme Court held that in an action for intentional infliction of emotional distress resulting from sexual harassment, the one-year prescription period did not commence until the last act occurred or the conduct abated. *Bustamento*, 607 So.2d at 542. The *Bustamento* court found the doctrine of continuing tort applicable because the acts or conduct were continuous, perpetrated by the same actor, were of the same nature, and the conduct became tortious by virtue of its continuous, cumulative, and synergistic nature. *Id.*

In the plaintiff's complaint, she alleged that the defendant failed to provide Ms. Guth with adequate care and abused her in various ways during her stay at Chateau Living. This is not a suit for each and every separate incident which may have happened but for the totality of harm allegedly suffered by Ms. Guth during the months she was at the defendant's nursing home.

Returning to *Bustamento*, the Court finds that the negligent care of Ms. Guth was allegedly continuous and was allegedly perpetrated by the same actor, Chateau Living. The acts asserted by the plaintiff are of the same nature in that they represent overall negligent care of Ms. Guth which over time caused the damage complained of by the plaintiff. The conduct in question rose to the level of tortious activity due to its continuous and cumulative effect over time and, therefore each alleged incident would not have necessarily been an actionable tort standing alone. Additionally, the plaintiff is seeking damages for the "synergistic" damages done and not for each separate incident.

Considering the above reasoning and the Court's statement in the Order entered April 9, 1996 that genuine issues of fact exist as to whether the defendant's alleged acts of negligence constituted a continuing tort, the Court finds that the doctrine of continuing tort may be applicable in this case. Since, the acts and/or omissions complained of did not abate until Ms. Guth left Chateau Living Center on June 25, 1993, this suit was not filed untimely and those acts and/or omissions which allegedly occurred prior to March 25, 1993 may properly be brought in this action.

The defendant's motion for partial summary judgment on the basis of prescription is DENIED.

IT IS HEREBY ORDERED that this Minute Entry supplement the Order and Reasons of this Court entered April 9, 1996.