491 So.2d 56 (1986)
Robert J. BOUTON
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 85 CA 0467.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*57 Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Robert J. Bouton.
A. Clay Pierce, Baton Rouge, for defendant-appellee Independent Fire Ins. Co.
Daniel R. Atkinson, Baton Rouge, for defendant-appellee Allstate Ins. Co. (insurer of Patrick Breaux).
Donald R. Smith, Baton Rouge, for defendant-appellee Allstate Ins. Co. (Insurer of Robert M. Landry, Jr.).
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
This suit arose from the unfortunate events of Halloween night in 1981. Jeffrey Scott Trammel, aged 15, Robert Martin Landry, Jr., aged 13, and Daniel Breaux, aged 13, went trick-or-treating that evening. About 6:30 p.m., Trammel and Breaux rang Robert Bouton's (plaintiff) front door bell while Landry waited at the sidewalk. Plaintiff opened the door and saw Breaux standing before him. Breaux was dressed in military fatigues and was holding a plastic model submachine gun. Plaintiff shut the door immediately and locked it, then armed himself with a .357 magnum pistol. He returned to the door, opened it, and saw a flash of light, caused, he alleges, by Trammel's triggering a photographic flash. Plaintiff's pistol then discharged, the bullet striking and killing Breaux.
Plaintiff brought this suit against Allstate Insurance Company (Allstate), insurer of Landry and Breaux, and Independent Fire Insurance Company (Independent), insurer of Trammel. He alleged that the three boys' actions were tortious and caused him to be indicted and tried for second-degree murder,[1] incur substantial attorney fees, lose his job, and suffer unfavorable publicity. Allstate filed motions for summary judgment, and Independent raised the peremptory exception of no cause of action. LSA-C.C.P. arts. 966 and 927. The trial court granted the summary judgment motions and sustained the exception of no cause of action. From that action plaintiff brings this appeal.
If what these boys did on that Halloween night is to be deemed tortious, it must be either an intentional tort or one arising from their negligence.

INTENTIONAL TORT
Plaintiff claims that the boys committed an assault, causing him to become frightened and triggering the tragic series of events which ensued. Plaintiff must prove an intentional act by the defendants which would have put a person in reasonable apprehension of receiving a battery. See Castiglione v. Galpin, 325 So.2d 725 (La.App. 4th Cir.1976); F. Stone, Tort Doctrine, §§ 159 and 160 in 12 Louisiana Civil Law Treatise 206-207 (1977). We find that the pleadings and evidence fail to establish any right to relief because, under the facts as set out by the plaintiff, he could not have had a reasonable apprehension of an impending battery or physical harm. Although it is possible for one who opens his door to trick-or-treaters on Halloween to become so frightened that he believes a battery is imminent, under the circumstances here, such an apprehension is not reasonable. Any reasonable person expects to see an endless array of ghouls, beasts, and characters on this evening, especially when he is, as was plaintiff, passing out candy at his doorstep.
Plaintiff contends that "the sole determining issue in this case" is whether we judge the boys' actions from their point of view or from his. We do neither. Instead, "we place the average reasonable [man]... in the very situation which confronted the plaintiff and ask of him oracularly" if an apprehension of a battery could be reasonably expected to follow from such a situation. Stone, at 209, § 165. We do not believe that a reasonable person acting reasonably would have been apprehensive of a battery when confronted with this situation *58 on Halloween.[2] Therefore, we hold that plaintiff was not the victim of an assault.
Plaintiff's petition can also be construed as claiming damages for the intentional infliction of emotional distress. We reject that claim on the grounds discussed above and because the boys' conduct was not outrageous or atrocious. Steadman v. South Central Bell Telephone Company, 362 So.2d 1144 (La.App. 2nd Cir.1978).

NEGLIGENCE
For a plaintiff to succeed in a negligence action, the court must find that the defendant's action was a cause in fact of the injury.
The court must also determine what duty was imposed on the defendant under the particular circumstances, whether there was a breach of that duty that resulted in damages, and whether the risk which resulted in the damages was encompassed within the scope of the protection extended by the imposition of that duty.
Sibley v. Gifford Hill and Company, Inc., 475 So.2d 315, 319 (La.1985). Resolution of the duty issue requires:
a policy inquiry into whether the defendant's duty to the victim included protection against the particular injury, that is, the ease of association with this plaintiff under these circumstances.
Wooten v. Louisiana Power & Light Company, 477 So.2d 1142, 1147 (La.App. 1st Cir.1985).
Defendants' insureds and other trick-or-treaters owed a rather special duty to plaintiff. On any other evening, presenting a frightening or threatening visage might be a violation of a general duty not to scare others. But on Halloween at trick-or-treat time, that duty is modified. Our society encourages children to transform themselves into witches, demons, and ghosts, and play a game of threatening neighbors into giving them candy. And, to put it directly, plaintiff knew the rules of the game. The Halloween conduct of these boys as alleged by plaintiff was not offensive to the norms society sets for this occasion.[3]
Thus, our "policy inquiry" reveals that any duty the boys may have owed the plaintiff did not encompass protection against the risk that gave rise to his alleged injuries. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). In Hill, our Supreme Court found that the defendant could not have "reasonably anticipated" the course of events which created the risk; there was no "ease of association of the injury with the rule." Hill, 256 So.2d at 622, 623. Here, the boys could not have "reasonably anticipated" that their conduct would precipitate the bizarre series of events that led to plaintiff's allegations of negligence. Because the boys' duty did not include protection of this plaintiff against this risk, "plaintiff has failed to establish legal and actionable negligence." Hill, 256 So.2d at 623.
The summary judgments in favor of Allstate were properly granted. Although the parties may have differing versions of the incident, these differences are not material. Should plaintiff's version be believed, mover would still be entitled to judgment as a matter of law. Independent's exception of no cause of action was also properly sustained. Plaintiff's pleadings, accepted as true, disclose no basis for relief for the particular grievance alleged. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328, 333 (1972); see also, Johnson v. Edmonston, 383 So.2d 1277, 1282 (La.App. 1st Cir.1980).
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] Plaintiff's trial ended with an acquittal.
[2] Because of this ruling, we need not address the question of the boys' intent, plaintiff being required to establish both the intentional act and the apprehension.
[3] We note that the Legislature has recognized Halloween as a special occasion by exempting that day from the coverage of the statute which prohibits the wearing of masks in public places. LSA-R.S. 14:313