598 So.2d 658 (1992)
Francine M. LANDRENEAU, Individually, et al., Plaintiffs-Appellants,
v.
Vivian FRUGE, et al., Defendants-Appellees.
No. 90-1145.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*659 Sandoz, Sandoz & Schiff, Anne E. Watson, Opelousas, for plaintiffs-appellants.
Miller & Miller, Jack D. Miller, Crowley, for Fruge.
Powers, Vaughn & Clegg, Wm. E. Willard, Baton Rouge, for Raymond Fontenot.
Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Jimmy L. Dauzat, Opelousas, for St. Landry Parish School Board.
Richard B. Nevils, Baton Rouge, for International Indem. Co.
Before GUIDRY, J., and MARCANTEL and HOOD, JJ. Pro Tem.
GUIDRY, Judge.
Plaintiff, Capucine Landreneau, appeals a judgment of the trial court sustaining defendants' exception of prescription and dismissing her claims against defendants, International Indemnity Company, Raymond Fontenot and the St. Landry Parish School Board. We amend the judgment to read "... dismissing the claims of Capucine Landreneau occurring prior to October 23, 1986, ..." and affirm as amended.[1]
*660 Francine Landreneau, the mother of Capucine (Capi) Landreneau, filed suit on behalf of herself and her minor daughter on October 23, 1987, against Vivian Fruge, Capi's teacher and basketball coach; Martha Lege, a friend of Vivian Fruge and a school bus driver; Raymond Fontenot, Capi's school principal; the St. Landry Parish School Board; and, International Indemnity Company, the school board's insurer. In her petition, Mrs. Landreneau alleged that beginning in August 1985, Vivian Fruge committed various acts intended to subvert the morals of Capi and entice her into homosexual activity; defendant Fruge's conduct continued through October 1986; Fruge was aided and abetted in her conduct by Martha Leger; and, Raymond Fontenot, the principal of Eunice High School, and the St. Landry Parish School Board were negligent in employing both Fruge and Leger, persons of known lesbian propensities.
The events giving rise to this suit culminated in the early morning hours of October 31, 1986 when Capi, no longer able to cope with the situation which had come to light a few days earlier, ran away from home. Capi was located sometime during the evening hours of October 31st and committed by Mrs. Landreneau to Cypress Mental Hospital for evaluation and treatment.
According to Mrs. Landreneau's petition, she was not aware of what was occurring until Capi failed to return home October 24, 1986, following a Eunice High School football game. Mrs. Landreneau finally located her daughter in the early morning hours of October 25, 1986 at the home of Vivian Fruge in bed with a then unknown female, who was later identified as Martha Leger.
Plaintiffs filed suit on October 23, 1987. Thereafter, numerous answers, motions and exceptions were filed by the various parties. The only issue before us concerns the exceptions of prescription filed by defendants, International Indemnity Company, Raymond Fontenot and the St. Landry Parish School Board. Both the exception of prescription filed by International and that filed by Fontenot and the School Board maintain that inasmuch as tort actions in Louisiana are subject to a one year prescriptive period and considering plaintiffs' petition was filed October 23, 1987, all claims based on events occurring prior to October 23, 1986 should be dismissed.
The trial court sustained the exception as to plaintiff, Capucine Landreneau, but overruled the exceptions as to her mother, Francine Landreneau. Plaintiff, Capucine Landreneau (now a major), appealed. Defendants neither appealed nor answered the appeal, thus, that portion of the judgment overruling the exceptions as to Francine Landreneau is final.
The following articles of the Civil Code are pertinent to the issue presented:
"Art. 3492. Delictual actions
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
Art. 3467. Persons against whom prescription runs
Prescription runs against all persons unless exception is established by legislation.
Art. 3468. Incompetents
Prescription runs against absentees and incompetents, including minors and interdicts, unless exception is established by legislation."
As our brethren of the Second Circuit stated in Bennett v. General Motors Corporation, 420 So.2d 531 (La.App.2d Cir. 1982):
"If the date of the alleged wrongful act appears on the face of the pleading to have occurred more than one year before suit is filed, a plaintiff's cause of action has prescribed unless he cannot ascertain the tortious act by diligent inquiry or information is withheld from the plaintiff by the defendant. The burden of proving suspension of prescription due to lack of knowledge rests with the plaintiff. Knowledge of *661 a fact is presumed where the plaintiff has sufficient information to incite curiosity as to the cause of the defect. Bayonne v. Hartford Ins., 353 So.2d 1051 (La.App.2d Cir.1977)."
Inasmuch as plaintiff's petition was filed October 23, 1987, and her cause of action is prescribed by one year, she bears the burden of proving suspension of prescription for all acts committed prior to October 23, 1986.
On appeal, plaintiff-appellant argues two theories under which prescription was suspended or interrupted: (1) continuing tort; and, (2) contra non valentum agere nulla currit praescriptio.

CONTINUING TORT
In South Central Bell Telephone Company v. Texaco, Inc., 418 So.2d 531 (La.1982), our Supreme Court stated:
"When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated. The damage did not end merely because South Central Bell decided that all of its cables would eventually have to be replaced. Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage."
The tortious conduct in that case was the continuous leaking of gasoline from damaged storage tanks into a manhole which contained plaintiff's telephone cables. The Supreme Court ruled that prescription in that case did not begin to run until the offending tanks were replaced, thus stopping the leaks.
Even though, in this case, defendants' conduct occurred over a span of time, we find this case is not one of continuing tort, but rather one of successive torts, as in Laughlin v. Breaux, 515 So.2d 480 (La. App. 1st Cir.1987). In Laughlin, plaintiff filed suit March 29, 1985 for damages she suffered due to physical abuse by her boyfriend over a period of time. Defendant therein argued that plaintiff's action as to any injuries occurring prior to March 29, 1984 had prescribed. Plaintiff argued that defendant's actions constituted a continuing tort and, therefore, prescription should not start to run until the conduct abated. The trial court sustained defendant's exception and plaintiff appealed. On review, our brethren of the First Circuit stated:
"Nor do we find any merit to Plaintiff's contentions that Defendant's actions constituted a continuing tort. The principle of a continuing tort only applies when continuous conduct causes continuing damages. South Central Bell Telephone Co. v. Texaco Inc., 418 So.2d 531 (La.1982) In this action each incident of battery and of assault is separate, and gives rise to a separate cause of action. See Bouton v. Allstate Insurance Co., 491 So.2d 56 (La.App. 1st Cir.1986). Thus, the conduct of Defendant is not continuous. Prescription runs from the date damages are sustained; damages are sustained from the date the injury is inflicted if they are immediately apparent to the victim, even though the extent of the damages may not be known. Home Insurance Co. v. Highway Insurance Underwriters, 52 So.2d 449 (La.App. 1st Cir.1951). In this action, Plaintiff testified as to several different incidents of abuse by Defendant. After the abuse, she was physically bruised and sore, and emotionally upset. These injuries were immediately apparent. Prescription runs from this time, even though several different incidents of abuse may have combined to produce Plaintiff's Battered Woman's Syndrome. For these reasons, we find that the trial judge was correct in ruling that Plaintiff's cause of action for any incidents occurring prior to March 28, 1984 had prescribed."
Laughlin, supra, at 482 and 483.
We find that although the instant case concerns multiple events of a similar nature, these events were not continuous as the conduct in South Central Bell Telephone Company, supra, but rather separate incidents as in Laughlin. Thus we *662 find no continuing tort and no merit to this argument.

CONTRA NON VALENTUM
Despite express statutory language limiting prescription on delictual actions to one year (La.C.C. art. 3492), our jurisprudence recognizes an exception to the codal mandate in extraordinary cases by applying the doctrine of contra non valentum agere nulla currit prescriptio. The situations giving rise to application of the doctrine were described by our Supreme Court in Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979), as: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting upon the plaintiff's action; 2) where there was some conditions coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectively to prevent the creditor from availing himself of his cause of action; and 4) where the cause of action is not known or reasonably knowable by plaintiff, even though his ignorance was not induced by defendant.
Presumably it is the third and fourth exceptions which plaintiff argues applies in this case. Capi argues that letters sent by defendant Fruge to her psychologically prevented her "from telling anyone, especially her mother".
At the hearing on the exception, plaintiffs introduced three or four letters written by Fruge to Capi during the year 1985. In these letters Fruge did not threaten or cajole Capi but merely requested that she keep their relationship a secret and reminded her that if their relationship were known, it could mean trouble for Fruge. No evidence, lay or expert, other than the letters, was introduced in support of Capi's claim of psychological trauma. In sum, there is simply no credible evidence in the record to support plaintiffs' argument that she suffered mental incapacity, as a result of these letters, sufficient to invoke the doctrine of contra non valentum. See discussion in Strata v. Patin, 545 So.2d 1180 (La.App. 4th Cir.1989), writ denied, 550 So.2d 618 (La.1989).
We note that in the present case Capucine lived at home and thus had ample opportunity to confide in and seek help from her mother. While she may have been hesitant to discuss sexually deviant conduct with her mother, we cannot say that such hesitancy and the avoidance of the subject gave rise to the requisite level of incapacity necessary to invoke the rule of contra non valentum. Hence, she has lost the right to complain of any acts occurring before October 23, 1986, one year prior to the filing of this suit.
Accordingly, for the reasons stated, the judgment of the trial court is amended, sustaining defendants', International Indemnity Company, Raymond Fontenot and the St. Landry Parish School Board, exception of prescription to all claims of Capucine Landreneau arising before October 23, 1986, and as amended, it is affirmed. Costs of this appeal are taxed against plaintiff-appellant.
AFFIRMED AS AMENDED.
NOTES
[1] We note that the exceptions of prescription filed by defendants sought only dismissal of any claims which arose prior to October 23, 1986, one year prior to filing of suit. The trial court's judgment, however, dismissed all claims of plaintiff, Capucine Landreneau, clearly an inadvertent error. Therefore, we will amend the judgment to that extent.