686 So.2d 1038 (1996)
Chris LABATUT
v.
The CITY OF NEW ORLEANS, et al.
No. 96-CA-0981.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1996.
*1039 Sally Dunlap Fleming, New Orleans, for Plaintiff-Appellant.
Geri Fontana-Flaum, Assistant City Attorney, Mavis S. Early, Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendants-Appellees.
Before SCHOTT, C.J., and KLEES and MURRAY, JJ.
SCHOTT, Chief Judge.
Plaintiff has appealed from a judgment sustaining an exception of prescription filed by the City of New Orleans and dismissing his case. The principal issue is whether the City's activities on plaintiff's property which commenced more than a year before he filed suit, but which continued into that year, constituted a continuous tort such that the initial damage was not prescribed. The secondary issue is whether plaintiff is entitled to the damages he incurred from the later activities conducted by the City within the year of plaintiff's suit even if the tort was not continuous and the claim for the initial damage was prescribed. We reverse in part.
In his original petition plaintiff alleged: He owned a double house in Algiers, New Orleans, which was damaged by fire in 1993. An out building on the property was not damaged. He moved to an apartment in the neighborhood and was making arrangements to repair the property when, on August 11, 1994, he saw a crew demolishing his house and property. He learned that the City of New Orleans had ordered the demolition without notice to him.
Plaintiff filed his suit on Monday, August 14, 1995. An action for damage caused to *1040 immovable property is subject to a one year prescription commencing to run from the day the owner of the property had knowledge of the damage. LSA-C.C. arts. 3492, 3493. Consequently, the last day for plaintiff to file his suit for the damage he discovered on August 11, 1994, would have been Friday, August 11, 1995, pursuant to LSA-C.C.P. art. 5059, in the absence of some exception to these general rules. The City filed an exception of prescription prompting plaintiff to file an amended petition making the additional allegations summarized in the following paragraph.
On August 10, 1994, the City authorized demolition of plaintiff's property by its agent Crescent Environmental Services, Inc., which is also a defendant in the suit. Crescent trespassed on the property and started the demolition on August 11, but continued to destroy, misappropriate, and trespass upon his property through August 15 when the City inspector verified that the demolition was complete. The debris remaining on the site was misappropriated by Crescent and the City between August 15 and September 14, 1994, when the City certified that all work was completed.
In his amended petition plaintiff repeated the charge in his original petition that the City deprived him of his property without due process. He also charged that the City caused multiple trespasses on the property and, following demolition, misappropriated the building materials left from the demolition.
The City reiterated its exception of prescription which the court sustained, dismissing plaintiff's suit. In his memorandum filed in the trial court and in argument at the hearing on the exception, plaintiff argued that his claims for damages caused after August 11, 1994, should not be barred by prescription even if those caused on the eleventh were, but the trial court rejected this argument.
In this court, plaintiff's principal argument is based on the theory that the City's tort was continuous, commencing on August 11 when the demolition started, but not ending until the site was cleared. He relies on South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La.1982). In that case plaintiff's underground telephone cables were damaged by gasoline leaking from Shell's underground tanks. The court held that when the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated. Id. at page 533.
The present case is distinguishable. Unlike the continuously leaking tanks, the City's activities were interrupted each day with different kinds of activities occurring on each day. Furthermore, the present case is essentially based on the theory of trespass while the South Central Bell case was apparently based on the theory of strict liability under C.C. art. 667. Plaintiff herein argues that the demolition and subsequent activities by the City constituted a continuing trespass, but a continuing trespass occurs when the defendant erects a structure or places an object on another's land and fails to remove it. Salvex, Inc. v. Lewis, 546 So.2d 1309, 1316 (La.App. 3rd Cir.1989), writ denied 551 So.2d 1323.
From the pleadings, briefs, and arguments we gather that the City physically demolished the structures on August 11, 1994, leaving a pile of debris on that day. Among the debris were some building materials and other things which allegedly were of value, and the City took these things on the days following the eleventh. Under the reasoning of the Salvex case the City committed an independent trespass on each day. Consequently, plaintiff's claim is not prescribed except for the damages he sustained on August 11, when the actual demolition took place. Of course, nothing in this discussion relieves plaintiff of the standard burden of proving those damages he claims occurred after August 11, 1994.
Plaintiff has also asserted two other claims which we have not heretofore discussed. The first is based upon the theory that his property was taken by the City without due process because the City never gave him notice of its intention to demolish the property. We have concluded that prescription against this claim began to run when he witnessed the demolition on August *1041 11 knowing that he had not been given prior notice. Consequently, this part of his claim is prescribed.
The other claim is a somewhat nebulous one that the City's act of issuing a certificate of completion on September 21, 1994, somehow deprived him of certain prior rights or subjected him to certain future obligations under the zoning laws. Assuming that he can prove this claim, the one year prescription as to this claim was interrupted by the filing of his suit.
Accordingly, the judgment sustaining the exception of prescription as to all of plaintiff's claims and dismissing his case is reversed and set aside. The case is remanded to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are assessed against the City with the assessment of the other costs to await the outcome of the case.
REVERSED AND REMANDED.