690 So.2d 940 (1997)
CLAYBORN TIMBER COMPANY, INC., Plaintiff-Appellant,
v.
BUTLER INSURANCE AND REAL ESTATE, INC., et al., Defendant-Appellee.
No. 29194-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Richard B. King, Jr., Shreveport, for Plaintiff-Appellant.
Cook, Yancey, King & Galloway by Brian A. Homza, Shreveport, for Defendant-Appellee.
Before NORRIS, BROWN and PEATROSS, JJ.
PEATROSS, Judge.
Clayborn Timber Company, Inc., plaintiff in a suit for damages, appeals the judgment granting the exception of prescription of Butler Insurance and Real Estate, Inc. and dismissing Clayborn's claims. The judgment dismissing Clayborn's action against Butler is reversed and the matter is remanded for further proceedings.

FACTS
Plaintiff, Clayborn Timber Company, Inc. ("Clayborn") brought an action for damages against Butler Insurance and Real Estate, Inc. ("Butler") and three insurers. Clayborn, through Jeffrey Scot Clayborn, had contracted with Butler for general liability insurance for Clayborn, its executive officers, related companies and employees. Butler obtained the general liability and accident insurance through Sphere Drake Insurance PLC and two other insurers, which were voluntarily dismissed from this litigation.
On February 11, 1993, Clayborn was sued in Circuit Court, Miller County, Arkansas, for damages arising out of the alleged wrongful death of Shelby Hutto II in a collision with a 1992 tractor/trailer owned by Clayborn. The record does not contain the date of the accident. Clayborn alleged that after it was served, Jeffrey Scot Clayborn timely tendered the lawsuit to Butler for defense. Neither the service date nor the notification date are in the record. On May 5, 1993, a $2.5 million default judgment was entered *941 against Clayborn. On April 29, 1994, Clayborn filed suit and sought damages for the alleged arbitrary and capricious action of Butler and the others in failing to provide a defense and the alleged negligence and/or intentional acts of defendants. In its petition, Clayborn alleged that Butler did not notify Clayborn that the insurance companies denied coverage for the accident and did not file an answer on Clayborn's behalf.
In its answer, Butler denied ever being notified of the litigation and, on September 6, 1994, Butler entered an exception of prescription. At the hearing on July 10, 1995, no evidence was presented. On July 17, 1995, the trial court gave Clayborn until August 1, 1995, to provide the court with information about the date that Butler was notified about the Arkansas action. Clayborn provided no further information to the court.
On February 21, 1996, the trial court signed a judgment granting Butler's exception of prescription and dismissing all Clayborn's claims against all defendants, including Butler. Notice of judgment was sent that day. On April 22, 1996, Clayborn filed a devolutive appeal.

DISCUSSION
Clayborn contends that its action against Butler is not prescribed because the suit was filed within one year of May 5, 1993, the date of the filing of the default judgment against Clayborn in Miller County, Arkansas. Clayborn argues that Butler has proven no earlier date by which the alleged negligence and/or intentional acts of Butler should have been discovered by Clayborn, therefore, the filing of the default judgment against Clayborn is the earliest date from which the prescriptive period could properly run. We agree.
An action for damages against an insurance agent, broker or solicitor must be brought within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. LSA-R.S. 9:5606(A).
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. White v. West Carroll Hospital, Inc., 598 So.2d 1134 (La. App. 2d Cir.1992), vacated and remanded for further evidence, 613 So.2d 150 (La.1992). A court should resolve doubts about a peremptory exception by overruling the exception and giving the litigant its day in court. Woodlawn Park Ltd. Partnership v. Doster Const. Co., 623 So.2d 645 (La.1993). Prescriptive statutes are strictly construed against prescription, and in favor of the obligation sought to be extinguished. With two possible constructions, the one that favors maintaining, as opposed to barring, an action should be adopted. Bustamento v. Tucker, 607 So.2d 532 (La.1992); Commercial College of Shreveport v. Williams, 28,546 (La.App. 2d Cir. 8/21/96), 679 So.2d 509.
Clayborn's petition does not show on its face that the matter was prescribed, because the suit was filed within a year of the entry of the default judgment. The burden of proving that the matter prescribed, therefore, remained with Butler. At the hearing, Butler introduced no evidence to support its argument that Clayborn should have discovered the alleged tortious conduct prior to the entry of the default judgment.
Butler simply argues that prescription began to run shortly after Clayborn received notice of the lawsuit filed on February 11, 1993. Butler contends that, within a month or two of receiving notice of the lawsuit, Clayborn should have discovered that any alleged duty to defend owed by Butler was being breached. We do not agree that Butler's alleged negligence and/or intentional acts "should have been discovered" by Clayborn simply because Clayborn had not heard from Butler. Butler, therefore, has not carried its burden of proof that the prescriptive period began to run at some time prior to the entry of the default judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed at Butler's costs and remanded for further proceedings.
REVERSED AND REMANDED.