728 So.2d 982 (1999)
Annette Michelle SCHOEN, Plaintiff-Appellant,
v.
Brenda WALLING, Tommie R. Walling, Citizens Bank & Trust Company of Vivian, Louisiana, Bank One, Louisiana National Association formerly known as Premier Bank, National Association, Defendants-Appellees.
No. 31,598-CA
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*983 Charles W. Strickland, Steven M. Brainis, Shreveport, Counsel for Plaintiff-Appellant.
Schober, Reynolds, Antee & Lafargue By Richard J. Reynolds, Shreveport, Counsel for Defendants-Appellees Citizens Bank.
Blanchard, Walker, O'Quin & Roberts By L. David Cromwell and Paul M. Adkins, Shreveport, Counsel for Defendants-Appellees Bank One.
Brenda Walling, In Proper Person.
Tommie R. Walling, In Proper Person.
Before NORRIS, GASKINS and KOSTELKA, JJ.
NORRIS, Chief Judge.
Annette Schoen appeals a judgment sustaining exceptions of prescription in favor of Citizens Bank and Trust Company and Bank One. Citizens and Bank One answer, contesting the trial court's denial of their motions for summary judgment. For the reasons expressed, we affirm.

Facts
While a minor, Annette Schoen (Schoen) was injured on an oil well site. Brenda Walling, Schoen's mother, and Tommie Walling qualified as her tutrix and undertutrix [sic] and Brenda instituted legal proceedings. Pursuant to a court order, the suit was settled for $120,000, with $62,819.29 net proceeds received by Brenda.[1] The following transactions were conducted:
12/21/90, Brenda opened checking account # XXXXXXX at Citizens in the name of Annette Schoen, Brenda or Tommie Walling, Tutor, with an initial deposit of $8,968.90, which Brenda wrote checks on
12/21/90 Brenda purchased CD # 42 4928 3 2448 from Citizens in the amount of $40,000, payable to Annette Schoen, minor of Brenda Walling or Tommie Walling, which matured on 1/20/91
5/20/91, Brenda withdrew $5,000 from CD # 42 4928 3 2448 and purchased CD # 42-50044 3196 in the amount of $35,000 payable to Annette Schoen, Minor of Brenda Walling or Tommie Walling, which matured on 6/19/91
7/19/91, Brenda withdrew $5,000 from CD # 42 4928 3 2448 and purchased CD # 42 5038 9 3236 in the amount of $30,000 to Annette Schoen, minor of Brenda Walling or Tommie Walling, which matured on 10/19/91
8/12/91, Brenda withdrew all the funds pursuant to Bank Money Order # 55938, for $29,688.08, payable to the order of Annette Schoen, Minor of Brenda Walling, Tutrix
8/13/91, Brenda opened checking account # 110 1103 66 1 at Bank One, styled Brenda Walling, Tutrix of Annette M. Schoen, with an initial deposit of $4,688.08; Brenda wrote checks on the account, and in 1991, she withdrew $1,266.14 and closed the account
8/13/91, Brenda purchased CD # 77 09062 from Bank One for $25,000 payable to Annette Schoen, Minor of Brenda Walling, Tutrix, which matured on 09/12/91
10/15/91, Brenda withdrew $2,000 for CD # 77 09062, and purchased CD # 77 029110 in the amount of $23,211.06, payable to Annette *984 Schoen, Minor of Brenda Walling, Tutrix, which matured on 11/14/91
11/14/91, Brenda withdrew $3,304.54 from CD # 77 09062, and purchased CD # 77 029131 in the amount of $20,000, payable to Annette Schoen, Minor of Brenda Walling, Tutrix, which matured on 2/14/92
2/14/92, Brenda withdrew $4,665.15 from CD # 77 029131, and purchased CD # 77 031914 in the amount of $13,000, payable to Annette Schoen, Minor of Brenda Walling, Tutrix, which matured on 5/14/92
5/14/92, Brenda withdrew $3,119.88 from CD # 77 031914, and purchased CD # 77 031955 in the amount of $10,000, payable to Annette Schoen, Minor of Brenda Walling, Tutrix, which matured on 8/14/92
8/14/92, Brenda withdrew $4,087.98 from CD # 77 031955, and purchased CD # 77 032008 in the amount of $6,000, payable to Annette Schoen, Minor of Brenda Walling, Tutrix, which matured on 11/11/92
11/11/92, Brenda withdrew $6,087.98 from CD # 77 032008, the entire amount of the CD
On November 2, 1994, Schoen filed suit against Brenda and Tommie Walling for breaching their duties as her tutrix/tutor, and against Citizens Bank and Trust Company and Premier Bank (now Bank One) for breaching their duties as depositories of a minor's proceeds and allowing her tutrix to withdraw the funds without prior court approval. Schoen concedes in brief that she was aware of $2,596 being expended for her benefit and $3,000 being used for an automobile for her use.
Bank One filed a motion for summary judgment, arguing that it had no knowledge that Brenda needed court authority to make withdrawals and asserting no duty to monitor withdrawals made by a tutor. On December 9, 1997, the trial court granted the summary judgment and dismissed Schoen's claims against Bank One. On December 30, 1997, the trial court, on its own motion, set aside the summary judgment because of improper service of the motion. In a Motion to Fix Argument, Citizens adopted and joined Bank One's motion for summary judgment. Both banks filed affidavits that their account records contained no court orders concerning the tutorship, that they had no actual knowledge of any such orders, and that the signature cards authorized Brenda to withdraw funds from the accounts. Schoen did not contest these facts.
Both banks then filed peremptory exceptions of prescription urging suit was brought more than one year after Schoen reached the age of majority. On March 27, 1998, Schoen amended her petition, asserting that both banks had breached their contractual obligations. All motions and exceptions were submitted on the record. On April 7, 1998, the trial court denied the motions for summary judgment and sustained the exceptions of prescription, dismissing Citizens and Bank One from the suit.
Schoen has appealed the sustaining of the peremptory exceptions of prescription, claiming that the suit is either contractual, with a 10-year liberative prescriptive period, or arises under negotiable instruments law with a five-year liberative prescription. She further asserts that the prescriptive period did not toll until the summer of 1994 due to the doctrine of contra non valentem. The banks answer in the alternative and contest the trial court's denial of their motions for summary judgment.

Applicable law
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Delictual or tort actions are subject to a liberative prescription of one year. La. C.C. art. 3492. A cause of action for the payment of a negotiable instrument has a prescriptive period of five years from the date of demand. La. R.S. 10:3-118. All other personal actions, not regulated by special legislation, are subject to a liberative prescription of 10 years. La. C.C. art. 3499. Actions on contracts are normally regulated by the 10-year prescription. See, e.g., Harrison v. Gore, 27,254 (La.App. 2 Cir. 8/23/95), 660 So.2d 563, writ denied 95-2347 (La.12/8/95), 664 So.2d 426, and citations therein. The nature of the duty breached determines whether the action is in tort or in contract. Roger v. Dufrene, 613 So.2d 947 (La.1993).
*985 A negotiable instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument. La. R.S. 10:3-602; La. C.C. art. 1854. A bank's duty with respect to funds deposited by a minor, or on behalf of a minor, is regulated by special statutes. La. R.S. 6:313 provides:
Any money or other property deposited by a minor or other person in the name of a minor with a bank may be withdrawn by the minor or other person in the manner and under the terms of the written instructions given at the time of the opening of the account or of the making of the deposit.
Further, R.S. 9:3807 provides:
If a deposit is made in a bank to the credit of the fiduciary as such, the bank is authorized to pay the amount of the deposit or any part thereof, upon the check of the fiduciary, signed with the name in which such deposit is entered, without being liable to the principal, unless the bank pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing the check, or with the knowledge of such facts that its action in paying the check amounts to bad faith.
A court should resolve any doubts regarding a peremptory exception by overruling the exception and allowing the litigant her day in court. Woodlawn Park Ltd. Partnership v. Doster Const. Co., 623 So.2d 645 (La.1993); Clayborn Timber Co. v. Butler Ins. & Real Estate Inc., 29,194 (La.App. 2 Cir. 2/26/97), 690 So.2d 940. Therefore prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206; Clayborn Timber Co. v. Butler, supra. Normally, the defendant who pleads prescription has the burden of proving it; however, when the action is prescribed on the face of the petition, the plaintiff has the burden of showing why the claim has not prescribed. Wimberly v. Gatch, supra, and citations therein. Prescription does not run against a person who is unable to bring suit. This is the doctrine of "contra non valentem." Causby v. Perque Floor Covering, 97-1235 (La.1/21/98), 707 So.2d 23; Wimberly v. Gatch, supra; Johnson v. Concordia Bank & Trust Co., 95-1187 (La.App. 3/27/96), 671 So.2d 1093. Contra non valentem does not apply when the claimant's ignorance of the facts is willful, negligent or unreasonable. Wimberly v. Gatch, supra; Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960; Senn v. Board of Sup'rs, 28,599 (La.App. 2 Cir. 8/21/96), 679 So.2d 575, writ denied 96-2344 (La.10/25/96), 681 So.2d 379.
Evidence may be introduced when deciding the issue of prescription. La. C.C.P. art. 931; National Union Fire Ins. Co. v. Ward, 612 So.2d 964 (La.App. 2 Cir. 1/20/93).

Discussion
By her sole assignment of error, Schoen urges the District Court erred in sustaining the banks' exceptions of prescription. In support, she advances four arguments, the first two of which may be disposed of summarily. First she argues that the court erred in failing to "accept the facts alleged by the plaintiff as true." However, the court stated that it had considered the entire record, including affidavits and attachments filed with the motions for summary judgment. C.C.P. art. 931. When evidence has been introduced, the court is not authorized to accept the plaintiff's allegations "as true." National Union Fire Ins. Co. v. Ward, supra; McDaniels v. Allison, 97-2572 (La.4/9/98), 708 So.2d 418.
Second, she argues that payment of a debt owed to a minor, if made to someone not legally authorized to accept payment, is not a valid satisfaction of the debt. In support, she cites Succession of Hellmers, 93-2386 (La.App. 4 Cir.5/26/94), 637 So.2d 1302. However, the evidence introduced below shows that Brenda was duly appointed as Schoen's natural tutrix. As such, she was authorized to administer the minor's property in her own name. La. C.C.P. arts. 4262, 4264. Further, the banks were authorized to make the payments to her. La. R.S. 6:313, 9:3807. The natural tutor in Hellmers, supra, had never been properly appointed, and the case is distinguished on those grounds.
*986 Schoen's third and more serious argument is that the District Court applied the incorrect prescriptive period to the case. She argues that because her claim is based on the failure to pay various certificates of deposit, it should be regulated by the five-year period for negotiable instruments rather than the one-year period for tort actions. She contends that her suit, filed in 1994, came easily within five years of the due dates on the various certificates of deposit involved in this case.
It is apparent, however, that the five-year prescription of R.S. 10:3-118 applies to actions "to enforce the obligation of a party to pay a note." This applies in cases of complete failure to pay, or the payee's failure to demand payment within the statutory time limit.[2]See, e.g., Miller v. Bank of New Orleans, 426 So.2d 1382 (La.App. 4 Cir.1983); Kambur v. Matto, 94-650 (La.App. 5 Cir. 12/28/94), 648 So.2d 1079; Ellsworth v. West, 95-0988 (La.App. 4 Cir. 1/19/96), 668 So.2d 402, writ denied 96-0383 (La.3/22/96), 669 So.2d 1212.
By contrast, in the instant case the banks discharged their respective obligations by paying Schoen's tutrix the money, which was subsequently reinvested or spent. This discharged the banks' obligations. La. R.S. 10:3-602; C.C. art. 1854. In Johnson v. Concordia Bank & Trust, supra, the court held that payment of interest from a certificate of deposit to a tutor in violation of court order is not nonpayment of an instrument, but the tort of conversion. We find that's court analysis of the issue persuasive, and see no reason to treat the payment of the principal differently. Another court has held that actions against banks for wrongful transfer or disposition of account funds are "uniformly" considered conversion actions. Sanderson v. First Nat'l Bank of Commerce, 98-0352 (La.App. 4 Cir. 11/18/98), 723 So.2d 1036. The Johnson court specifically applied the one-year tort prescriptive period to the former minor's claim, under circumstances similar to those herein. For these reasons, the District Court did not err in failing to apply five-year prescription.
We have also considered whether the 10-year prescription for personal actions might apply. It is well established that a bank and its depositor stand in a debtor-creditor relationship which is contractual in nature. Marx v. Whitney Nat'l Bank, 97-3213 (La.7/8/98), 713 So.2d 1142; Lilliedahl & Mitchel Inc. v. Avoyelles Trust & Sav. Bank, 352 So.2d 781 (La.App. 3 Cir.1977). However, it is the nature of the claim, not the mere existence of a contract, that determines the appropriate prescriptive period. Harrison v. Gore, supra.[3] In Sanderson v. First Nat'l Bank of Commerce, supra, the court found that the holder of a checking and savings account had a contract with his bank, but rejected the argument that tortious conversion of account proceeds was a contract action. In the instant case, Schoen has generally alleged, by amended petition, breach of contract, but presented no evidence that the deposit agreements afforded her a longer prescriptive period than one year, or renounced the banks' right to pay the tutrix. On the showing made, the one-year prescriptive period, as applied in Sanderson and Johnson, supra, was properly applied to the instant case.
By her fourth argument Schoen contends that prescription was suspended under the theory of contra non valentem.[4] Brenda withdrew Schoen's funds from Citizens Bank on August 13, 1991, and from *987 Bank One on November 11, 1992. Schoen argues that her mother did not admit to depleting these accounts until the summer of 1994. Because her mother lied to her, or failed to disclose the nature of her transactions, Schoen contends Brenda committed an act to prevent her from availing herself of her cause of action. In the alternative, she urges she did not know, and could not reasonably know, that the funds had been depleted until the summer of 1994.
During her minority, Schoen was incapable of administering her own affairs. La. C.C. art. 246; Johnson v. Concordia Bank & Trust, supra. During this time, Brenda and Tommie were allegedly withdrawing her money and spending it for unknown reasons. However, after Schoen attained majority on September 26, 1993, the only impediment to discovering the situation was Brenda's lying. The record does not show that Schoen took any normal precautions, such as asking for bank statements, phoning or visiting either bank, or asking her undertutrix about the funds.[5]
On the instant record, the District Court was entitled to find that Brenda's alleged lies did not prevent Schoen from knowing facts essential to her cause of action. Though Brenda may have misled her, Schoen did nothing to ascertain the truth about a large sum of money. Because she made none of the basic inquiries regarding her settlement proceeds, we cannot say that her ignorance was not willful, negligent or unreasonable. Wimberly v. Gatch, supra. For these reasons, prescription tolled one year after she attained majority, or on September 26, 1994. The instant suit, filed in November 1994, was not timely. The District Court's ruling on the exceptions of prescription will therefore be affirmed.[6]

Conclusion
For the reasons expressed, the judgment sustaining the exceptions of prescription is affirmed. Costs are assessed to the appellant, Annette Michelle Schoen, to the extent permitted by La. C.C.P. art. 5188.
AFFIRMED.
NOTES
[1] We are assuming that the remainder of the $120,000 went to pay the attorney fees, costs and medical expenses of Schoen. In sum, that amount is not at issue in this suit.
[2] Prior to amendment by La. Acts 1993, No. 948, the prescriptive period for payment of a note was six years.
[3] In Harrison we listed various cases in which lease agreements, real estate agency agreements and employment contracts were present but the action was held to sound in tort.
[4] The four judicially created categories of contra non valentem are (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Johnson v. Concordia Bank & Trust, supra.
[5] Although Schoen had the burden to show the suspension of prescription by contra non valentem, she apparently offered no additional evidence when the banks' exceptions were submitted.
[6] Because we affirm on prescription, we express no opinion on the banks' answers to appeal, which contest the denial of their motions for summary judgment.