743 So.2d 839 (1999)
Lucy B. HUNTER, Plaintiff-Appellant,
v.
TENSAS NURSING HOME, et al., Defendants-Appellees.
No. 32,217-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*840 Willie Hunter, Jr., Monroe, Counsel for Appellant.
Hayes, Harkey, Smith & Cascio, L.L.P. by Harry M. Moffett, IV, Hudson, Potts & Bernstein by Jan Peter Christiansen, Monroe, Counsel for Appellees.
Before BROWN, CARAWAY, KOSTELKA, JJ.
KOSTELKA, J.
Alleging several acts of negligent care which caused damage to her aunt, Lucy B. Hunter filed the instant suit against the Tensas Nursing Home and its insurers. Defendant countered with a motion for partial summary judgment on the grounds that all claims, for acts occurring more than one year prior to institution of suit, had prescribed. Finding La. R.S. 9:5628 to be applicable to the instant situation, and disagreeing with plaintiffs position that these acts constituted a continuing tort, the trial court granted the partial judgment in favor of defendant. Inasmuch as this judgment releases one of two insurers from liability in the matter, it has been properly certified for plaintiffs appeal. See La. C.C.P. art.1915.
Although agreeing that defendant's acts did not constitute a continuing tort, we find that La. R.S. 9:5628 does not apply to nursing homes. Thus, any contractual claim plaintiff may have against defendants is subject to a ten-year prescriptive period and has not prescribed. Accordingly, we reverse.

FACTS AND PROCEDURAL HISTORY
In 1992, due to failing health and an inability to provide self-care, Alberta Porter entered the Tensas Nursing Home ("Tensas"). On February 1, 1996, Lucy B. Hunter ("Hunter"), Porter's niece to whom a power of attorney had been granted in 1992, filed the instant suit alleging that Porter received inadequate care during her residency at the nursing home. Specifically, Hunter alleges her aunt was subjected to physical abuse, a drug overdose, a broken leg, a partial amputation of a finger, decubitus ulcers (bed sores) of the buttocks and feet, uncontrollable hypertension, and several other ailments. The alleged neglect of the Tensas staff caused Porter to be hospitalized on six separate occasions.
During the course of discovery, Hunter provided dates for many of these alleged acts of neglect. In response, Tensas moved for summary judgment on the grounds of prescription for those incidents occurring more than one year prior to the February 1, 1996 institution of suit: the drug overdose; the broken leg; the partial amputation of the finger; the decubitus ulcers; and, an incision to drain the left index finger. Hunter countered this motion with the legal argument that the multiple acts of neglect combined to make a continuing tort; thus, prescription would not begin to run until such time as the tortious abuse had ended. The trial court, however, concluded that these were separate and individual acts of negligence, applied a one-year prescriptive period per La. R.S. 9:5628, and granted Tensas's motion for partial summary judgment. This appeal ensued.

DISCUSSION
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Moreover, through a 1997 amendment to Article 966, the jurisprudential presumption against granting summary judgment has been eliminated. See Acts 1997, No. 483. Instead, the enacted changes have leveled the playing field for the litigants. Documentation submitted by the parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337; Gardner v. LSU-MC, 29,946 (La. *841 App.2d Cir.10/29/97), 702 So.2d 53. Indeed, summary judgment is now favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La. C.C.P. art. 966 A(2).
Under the current summary judgment approach, if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Koeppen, supra; Gardner, supra. An appellate court reviews summary judgment de novo under the same criteria that govern a trial court's considerations regarding the appropriateness of summary judgment. Id.
There is no factual dispute in the instant case. The parties agree as to which of the injuries occurred prior to February 1, 1995. And, although Hunter's allegations regarding a contract between her aunt and Tensas are somewhat vague, Tensas's motion for summary judgment does not contest the existence of such an agreement. The disputes, rather, present two legal questions: whether these incidents constitute individual acts of negligence or a continuing tort; and whether La. R.S. 9:5628 applies to nursing homes. Thus, the issue of prescription is ripe for a summary judgment determination.

Applicability of La. R.S. 9:5628
In 1981, this court held that, where there is a written contract between the parties, a plaintiff may have actions both in tort and in contract arising out of the negligent care supplied by a nursing home. Free v. Franklin Guest Home, 397 So.2d 47 (La.App. 2d Cir.1981), writ denied, 401 So.2d 975 (La.1981). Accordingly, the court applied a ten-year prescriptive period for the contract claims raised by that defendant. However, the issue of the applicability of La. R.S. 9:5628 was not considered. That statute provides, in part:
No action for damages or injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, arising out of patient care shall be brought unless filed within one year of the date of the alleged act, omission, or neglect, or within one year from the date of discovery....
Hunter has not clearly addressed this issue in her appellate brief and seems to concede the applicability of a one-year prescriptive period. Indeed, any delictual act committed by the nursing home would be subjected to a one-year prescriptive period regardless of the application of La. R.S. 9:5628. Nevertheless, the original petition and answers to interrogatories make reference to a contractual agreement between Tensas and Porter. And, inasmuch as Tensas has not negated the existence of such a contract in its motion for summary judgment, we must determine whether the one-year prescriptive period of La. R.S. 9:5628governing breaches of contract as well as tortapplies to actions against nursing homes.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. Clayborn Timber Co. v. Butler Insurance, 29,194 (La.App.2d Cir.02/26/97), 690 So.2d 940. A court should resolve doubts about a prescription question in favor of giving the litigant his day in court. Woodlawn Park Ltd. Partnership v. Doster Construction, 623 So.2d 645 (La.1993). Prescriptive statutes *842 are strictly construed against prescription, and in favor of the obligation sought to be extinguished. With two possible constructions, the one that favors maintaining, as opposed to barring, an action should be adopted. Bustamento v. Tucker, 607 So.2d 532 (La.1992); Clayborn, supra.
La. R.S. 9:5628 does not contain a global statement declaring its application to all qualified health care providers under the Medical Malpractice Act. Rather, the statute very clearly delineates a select group of providers to fall under the ambit of its protection. We decline to follow Francis v. Health Care Capital, 933 F.Supp. 569 (E.D.La.1996) and Petre v. Living Centers-East, 935 F.Supp. 808 (E.D.La.1996) to extend La. R.S. 9:5628 to entities, such as nursing homes, which the legislature plainly intended to exclude from the statute. See Schenck v. Living Centers-East, 917 F.Supp. 432 (E.D.La.1996).
Accordingly, Hunter's claims in tort are subject to a one-year prescriptive period and any contractual violations would be governed by the ten-year statute of limitations.

Continuing Tort Doctrine
In that the one-year prescriptive period applies to Hunter's tort claims, we must ascertain at what point prescription began to run. Hunter suggests that prescription did not begin to toll until such time as all tortious conduct ended. Tensas argues, however, that these are intermittent or sporadic, individual acts of neglect, each of which independently gives rise to damages.
When damaging conduct is of a continuous nature, prescription does not begin to run until the date of the last harmful act. South Central Bell v. Texaco, 418 So.2d 531 (La.1982). However, this continuing tort doctrine requires not only that the tortious conduct be of a continuing nature, but also that it give rise to successive damages from day to day. Crosby v. Keys, 590 So.2d 601 (La.App. 2d Cir.1991), writ denied, 593 So.2d 373 (La.1992). Typically, courts have found torts to be continuous in nature where each individual act would not necessarily give rise to a cause of action; but instead, the cumulative effect of regularly-occurring or continuous actions results in successive damages from day to day. See, e.g., Bustamento, supra; South Central Bell, supra.
In the instant matter, however, the described incidents are clearly separate and distinct, with particular damages flowing from each individual occurrence. Even though the multiple events are of a similar nature (in that they arose from what has been described as neglectful care by the nursing home staff), they are not continuous acts of abuse. Cf. Senn v. Board of Supervisors, 28,599 (La.App.2d Cir.08/21/96), 679 So.2d 575, writ denied, 96-2344 (La.10/25/96), 681 So.2d 379; Crosby, supra; Labatut v. City of New Orleans, 96-0981 (La.App. 4th Cir.12/27/96), 686 So.2d 1038; Doe v. Doe, 95-0006 (La.App. 1st Cir.10/06/95), 671 So.2d 466, writ denied, 95-2671 (La.01/12/96), 667 So.2d 523; Landreneau v. Fruge, 598 So.2d 658 (La.App. 3d Cir. 1992). Thus, we find that all tortious acts of neglect or abuse which occurred before February 1, 1995 have prescribed.

CONCLUSION
As to torts committed before February 1, 1995, we affirm the trial court's partial summary judgment dismissing those claims. Inasmuch as Hunter has raised claims based upon contractual violations which are subject to a ten-year prescriptive period, we remand the matter for consideration of any contractual claims as well as all torts arising after February 1, 1995. Costs are assessed equally between the parties.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.