JiCOOKS, Judge.
The issue before us is whether an action for damages brought by Utility Data Service Corporation against an insurance agent, Caldwell-Wood, Wilhite, Butler Agency and its errors and omissions insurer for failure to procure requested insurance has prescribed. The trial court found the action prescribed; and we agree.
FACTS
Truman Oxley was injured on May 8, 1991 in Sabine Parish, Louisiana, when he suffered an electrical shock that caused severe burns to his entire body, loss of vision, loss of his right leg, and heart and kidney damage. Oxley and his wife filed a delictual action on November 13,1991, against Utility Data Service Corporation (UDS), Sabine River Authority and its insurer, Security National Insurance Company.
Prior to Oxley’s accident, UDS executed a lease with Sabine River | ^Authority to secure use of certain property, including that on which Truman Oxley was injured. The lease required UDS to maintain liability insurance coverage with limits of $600,000 per occurrence. At the time of the accident, UDS and Sabine River Authority were insured by a Security National liability insurance poli-ey/contraet. Caldwell-Wood, Wilhite, Butler Agency (Caldwell-Wood), acting as UDS’s insurance agent, procured this policy/contract from Security National’s general agent, Southern States General Agency Company. In 1989, a representative of UDS met with an agent of Caldwell-Wood to procure insurance in accordance with the lease. Caldwell- *495 Wood sent the lease and a request for coverage to Southern States. Southern States issued the Security National policy with limits of $300,000 per occurrence and aggregate limits of $600,000 rather than $600,000 per incident as required by the lease.
On May 7, 1992, Sabine River Authority filed an answer to the first supplemental demand of the Oxleys and a third party demand against Security National and UDS attaching a copy of the lease requiring UDS to provide certain insurance coverage and demanding indemnity. UDS was served a copy of the pleadings on May 21, 1992. On October 25, 1993, over 17 months later, UDS filed a third party demand against Caldwell-Wood, and its errors and omissions insurer. Caldwell-Wood filed an exception of prescription in response to UDS’ third party demand. After a hearing on the matter, the trial court found prescription began to run, at the latest, on November 25, 1991, when UDS was served with an order to produce the policy, and it sustained Caldwell-Wood’s exception of prescription. This appeal followed.
| a ANALYSIS
UDS argues the alleged failure to provide coverage is a breach of contract action which is governed by a ten year prescriptive period. La.Civ.Code art. 3499. The trial judge maintained the exception of prescription finding the third party petition filed by UDS sounded in tort; and thus, the claim therein asserted is governed by a one year prescriptive period. La.Civ.Code art. 3492.
The trial court relied on a recent Louisiana Supreme Court case, Roger v. Dufrene, 613 So.2d 947 (La.1993), in maintaining the exception of prescription. In Roger, the court held an action against an insurance agent by his client is analogous to a malpractice claim brought against an attorney or a physician. Thus, the court declared unless the agent promised a specific result (breaches a warranty) or does nothing at all (commits non-feasance), a claim against an agent is delictual in nature and prescribes one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect is discovered or should have been discovered.[1] The duty imposed on the insurance agent is one of “reasonable diligence,” a breach of which results in an action in negligence.
We also must follow the holding in Roger. The facts are not in dispute. UDS contacted Caldwell-Wood, an independent insurance agency, to provide the coverage required in the lease. Caldwell-Wood sent the lease to Southern States and requested that it provide the coverage called for in the lease. The facts do not present an instance of non-feasance; that is, Caldwell-Wood was not guilty of taking “no” action whatsoever. The record also does not reveal that Caldwell-Wood warranted Ua specific result. Therefore, under the reasoning in Roger, we agree with the trial court that Caldwell-Wood’s alleged act of misfeasance states a cause of action that is delictual in nature and governed by a one year prescriptive period.
UDS argues a ten-year prescriptive period applies because this is a cause of action for reformation of the contract. This argument is flawed because Caldwell-Wood is not a party to the contract. The parties are Security National (the insurer), UDS, and the Sabine River Authority. Caldwell-Wood acted strictly as an independent agent in the procurement of the contract.
UDS also argues even if the one year prescriptive period applies, the evidence shows it did not possess any knowledge that a problem existed with the insurance coverage until sometime in 1993. Therefore, it argues, the one year prescriptive period did not lapse before the third party action was filed against Caldwell-Wood. We do not agree.
The trial court found the latest date prescription began to run was November 25, 1991, when UDS was served with an order to produce the policy. While UDS disputes the extent of its knowledge at this point, clearly it should have discovered the “problem” when Sabine River Authority filed its third party demand against UDS and Security Na *496 tional on May 7, 1992. The third party demand specifically placed at issue UDS’s obligation to provide no less than $600,000 in liability coverage per occurrence. Notwithstanding, UDS waited until October 25, 1993, to bring its third party demand against Caldwell-Wood. Under the circumstances, we must find the trial court did not err in sustaining the exception of prescription.
IsDECREE
For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed against appellant, UDS.
AFFIRMED.
LABORDE, J., concurs in the result.
WOODARD, J., concurs in the result.

. This prescriptive period was codified as La. R.S. 9:5606 in 1991, but the statute is inapplicable to this case because the cause of action arose before its effective date.