11 Judge DAVID S. GORBATY.
Eastern Capitol Holdings, Ltd. (in liquidation), appeals a judgment of the trial court granting defendants’, Marsh & McLennan of Louisiana, Inc., Marsh & McLennan, Inc., and Marsh & McLennan Group Associates, Inc. (now Seabury & Smith, Inc.), Exceptions of Prescription and Lack of Procedural Capacity, and dismissing appellant’s suit, with prejudice. For the following reasons, we affirm.
FACTS:
Eastern Capitol Holdings, Ltd. (hereinafter ECH) owned a luxury yacht that was sailed primarily in the Mediterranéan Sea. In October of 1987, Nicholas Popich, a director and beneficial owner of ECH’s parent company, and Romero Marcello, president of ECH’s parent company, approached defendant Marsh & McLennan of Louisiana, Inc. (hereinafter Marsh) in New Orleans, for the purpose of obtaining quotes for insuring the yacht. In due course, Marsh obtained information from plaintiffs to complete the application for insurance. After completing the application, Marsh sent it to a Lloyd’s of London broker in England, with a request for quotes. A quote was conveyed to Marsh, who ^presented it to ECH in Louisiana. Subsequently, Lloyd’s of London issued a policy for the period October 14, 1987, through October 14,1988.
In January of 1988, the insured yacht caught fire and sank in the Red Sea. ECH made a claim for the loss that was denied. In October of 1989, ECH and Arabian Development Corporation filed suit in *761 England against the insurers. The insurers filed the American equivalent of an affirmative defense, claiming that because the application for insurance contained material misrepresentations, the policy was void ab initio.
ECH filed suit against Marsh in Louisiana on November 13, 1993, alleging that defendants’ “negligently, intentionally, or recklessly” completed the insurance application by providing information that was different than what was supplied to Marsh by ECH. ECH further alleged that this failure to accurately complete the application constituted a breach of contract, or a breach of the fiduciary duty owed by Marsh to ECH. For reasons not clear from the record, service was not requested on the defendants until March 4, 1998. After several extensions of time to allow for discovery, Marsh filed exceptions of no right of action, lack of procedural capacity, and prescription.
Before a hearing was had on the exceptions, ECH filed an amended petition deleting the paragraph of the original petition in which it was stated that Arabian Development Corporation was assignee of all claims against the insurers and Marsh. Instead, the amended petition asserted that ECH only assigned its rights against the British insurer, but maintained all rights to pursue a claim against laMarsh. The amended petition also added numerous allegations, including that the British broker was also negligent in submitting the inaccurate application to Lloyd’s of London.
Subsequent to filing the amended petition, ECH filed an opposition to Marsh’s exceptions. ECH argued that because the insurance negligence took place in England, the law of England applied to the ease. Further, because a claim against an insurance agent under English law prescribes in six years, the instant claim had not prescribed.
After a hearing on June 15, 2001, the trial court denied Marsh’s exception of no right of action, and granted its exceptions of lack of procedural capacity and prescription, dismissing ECH’s suit, with prejudice.
This appeal followed.
DISCUSSION:
A. Conflict of Laws
Although set forth in three separate assignments of error, ECH’s first assignment is basically that the trial court erred in granting Marsh’s exception of prescription because the law of England should apply to this matter, and, therefore, under England’s six year prescriptive period, the claim had not prescribed.
ECH argues that although it contacted Marsh about obtaining insurance for its yacht and supplied the information with which the application was completed in Louisiana, the application was actually submitted in England. Thus, the negligence and injury took place in England.
|4ECH claims that La. Civ.Code art. 3549 applies to the facts of this case. That article states in pertinent part:
When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and preemption law of this state applies.
When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and preemption law of this state applies, except as specified below:
(1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by com *762 pelling considerations of remedial justice.
According to ECH, the law of England is applicable to the merits of the action because the act of submitting the application in England constitutes doing business in England, British law recognizes the tort claim of broker/agent malpractice, and the harm and injury occurred in England. Further, the exception of subparagraph (1) applies because “maintenance of the action in this state is warranted by compelling considerations of remedial justice.” ECH claims that two reasons for invoking the exception are that ECH could not sue Marsh in England because of lack of jurisdiction, and, ECH did not discover Marsh’s negligence until after Louisiana’s prescriptive periods had run.
To avail itself of the provisions of Civ. Code art. 3549, ECH must demonstrate that the substantive law of England is applicable to the merits of the case, and that the prescriptive law of Louisiana does not apply due to compelling considerations of remedial justice. ECH does not meet the first prong of this test.
Ifiln its original petition, ECH sets forth the basis for its suit, Marsh’s negligence in completing the application. To complete the application Marsh received information from ECH at its offices in Louisiana, then negligently provided incomplete information on the application. The additional allegations of the amended petition simply complete the chain of events that eventually led to a quote being accepted by ECH in Louisiana, and a policy of insurance being delivered in Louisiana. None of the allegations following Marsh’s alleged negligence set forth any acts of negligence by any of the parties in England. As such, we find that Louisiana law is applicable to the merits of this case.
ECH also argues for the first time on appeal that subparagraph (1) of La. Civ. Code art. 3549 is applicable because of compelling considerations of remedial justice. We note that this argument was not raised at the district court level. Rule 1-3 of the Uniform Rules, Courts of Appeal provides that courts of appeal “will review only issues which were submitted to the trial court ...., unless the interest of justice clearly requires otherwise.” Because we find that ECH has not satisfied the first prong of the test for application of La. Civ.Code art. 3549, we are not compelled to address this argument for the first time on appeal.
B. Prescription
In its reasons for judgment, the trial court stated that La.Rev.Stat. 9:5606, Actions for professional insurance agent liability, was applicable to the facts of this case, and, as such, ECH’s claims had prescribed one year after the discovery of the alleged act, omission, or neglect. This is error. Louisiana Revised Statute 9:5606 was not enacted until 1991, and is not applicable to causes of action that arose prior to the effective date of the statute. See La. Acts 1991, No. 764, § 1. Thus, | fiwe must rely on the prior jurisprudence to determine if ECH’s cause of action has prescribed.
In Roger v. Dufrene, 613 So.2d 947, 949-50 (La.1993), the Supreme Court likened the duty imposed upon an insurance agent to that of an attorney or physician. The court explained that the duty of an insurance agent “whose advice the client or patient depends is that of ‘reasonable diligence’ a breach of which duty results in an action of negligence” [not of contract]. As such, the action is governed by a one-year prescriptive period.
ECH admits in its amended petition that it learned of Marsh’s alleged negligence on November 30, 1990, when Lloyd’s of Lon *763 don filed its affirmative defenses to ECH’s suit. .Therefore, ECH had one year from that date to file suit against Marsh. Suit was not filed until November 13, 1993. The suit has clearly prescribed.
Accordingly, we affirm the judgment of the trial court granting Marsh’s exception of prescription, and dismissing ECH’s suit, with prejudice. We pretermit discussion of the remaining assignments of error.
AFFIRMED.