| | | |
|---|---|---|
| GO-GRAPHICS OF NEW ORLEANS, LLC | * | NO. 2025-CA-0255 |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| REGIONAL TRANSIT AUTHORITY AND TRANSDEV SERVICES, INC. F/K/A VEOLIA TRANSPORTATION SERVICES, INC. | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**ERVIN-KNOTT, J., DISSENTS AND ASSIGNS REASONS**

I dissent from the majority and would affirm the district court's dismissal of Transdev from this suit.

The first issue on this appeal is whether the district court erred in granting summary judgment on Go-Graphics' breach of contract claim against Transdev. The majority admits that a cause of action for breach of contract cannot be asserted if there is no privity of contract between the parties. The majority opines that an agent may be held personally liable for the contract of its principal if the agent exceeds its authority or deceived the other party into entering the contract. Yet, if the principal subsequently ratifies its agent's actions, then the third party does not have a contractual action against the agent.[1] *See* La. C.C. art. 3019 ("A mandatary who exceeds his authority is personally bound to the third person with whom he contracts . . . unless the principal ratifies the contract."); *see also Shekinah Glory Ministries v. One Way Deliverance Ministry,* 2022-1170, p. 7 (La. App. 1 Cir. 4/20/23), 366 So. 3d 1256, 1261 (noting that principals cannot "immunize their agents against tort liability for conduct that would otherwise be considered tortious, merely by authorizing it.").

---

[1] "Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority." La. C.C. art. 1843.

I note that there was no evidence presented at the summary judgment hearing indicating that Transdev somehow exceeded its authority as the RTA's agent. Although Go-Graphics alleges, and the majority accepts, that there is an issue as to who negotiated the terms of the contract, this is not a material issue for summary judgment purposes.[2] The evidence shows that the RTA signed the contract, not Transdev. Any alleged fraud or misrepresentations made by Transdev during the contract negotiations still does not give Go-Graphics an action in contract against it because the RTA ratified the contract. Given the above, I find that the district court did not err in granting summary judgment on the breach of contract issue.

While it is not addressed in the majority opinion, Go-Graphics alternatively argues Transdev is liable under a theory of detrimental reliance. A cause of action for detrimental reliance may be based in tort or contract, and its prescriptive period will depend on the basis of the claim. *See Ames v. Ohle*, 2011-1540, p. 10 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386, 393 (citation omitted). Regardless of how a party may characterize its claim, "the nature of the duty breached . . . should determine whether the action is in tort or in contract." *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993) (citation omitted).

Again, Transdev is not a party to the agreement between Go-Graphics and the RTA. Therefore, Go-Graphics' detrimental reliance claim is tortious in nature. At the time the alleged misrepresentations occurred, and at the time the contract was breached, tort claims were subject to a one year prescriptive period.[3] Go-Graphics admits that it submitted its bid for the RTA contract in 2010 based on a RFP prepared by Transdev, and it entered into the contract with the RTA in 2011. The alleged breach of the contract occurred in 2014, and the contract expired

---

[2] A fact is material if it affects the outcome of the legal dispute. *Reddick v. State*, 2021-0197, p. 5 (La. App. 4 Cir. 9/29/21), 328 So. 3d 504, 507 (citation omitted).

[3] *See* La. C.C. art. 3492, repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024. Tortious actions are now subject to a two year prescriptive period under La. C.C. art. 3493.1.

naturally in April 2016. Go-Graphics did not file suit until November 2017, well over a year after the alleged breach and the expiration of the contract. Therefore, Go-Graphics' detrimental reliance claim is prescribed, and the district court did not err in granting summary judgment on this issue.

For these reasons, I dissent from the majority and would affirm the district court's judgment.